ESTATE OF C. P. HALE, DECEASED, MABEL E. HALE, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 107880. Promulgated November 24, 1942.

*Robert L. Bridges, Esq.*, for the petitioner.
*Arthur L. Murray, Esq.*, for the respondent.

#### OPINION.

ARNOLD, *Judge:* The Commissioner determined a deficiency in income tax for the year 1936 in the amount of $1,130.13. The only question involved is whether the assessment of such deficiency is barred by section 275 of the Revenue Act of 1936.

The facts were stipulated and as stipulated are incorporated herein by reference.

The petitioner is the duly appointed and acting executrix of the estate of C. P. Hale, deceased.

The Federal income tax of decedent for the calendar year 1936 was filed with the collector of internal revenue at San Francisco, California, on March 15, 1937. The notice of deficiency was mailed to the petitioner on April 11, 1941.

The items and amounts of gross income received by decedent during the year 1936 and reported in his return are as follows:

| Item | Amounts received | Amounts reported |
|---|---|---|
| 1. Salaries | $6, 000. 00 | $6, 000. 00 |
| 3. Interest | 748. 44 | 476. 81 |
| 4. Interest on tax-free covenant bonds upon which a tax was paid at source | 1, 156. 67 | 710. 19 |
| 6. Dividends | 27, 509. 33 | 25, 332. 63 |
| 10. Capital gain (or loss) | 7, 388. 55 | 597. 15 |
| Total | 42, 802. 99 | 33, 116. 78 |

Attached to the return is a schedule entitled "LINE 6—DIVIDENDS" in which dividends received by decedent in 1936 are listed. The list contains two items in the amounts of $2,000 and $176.70 designated as "Capital", which amounts were not carried to the dividend column or included in the total amount of dividends of $25,332.63, reported as item 6 on the face of the return. These amounts were dividend income and not capital, as stated, and the Commissioner added them to the amount reported as dividends in the return.

Section 275 of the Revenue Act of 1936, in so far as applicable herein, is as follows:

SEC. 275. PERIOD OF LIMITATION UPON ASSESSMENT AND COLLECTION.

Except as provided in section 276—

(a) GENERAL RULE.—The amount of income taxes imposed by this title shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period.

\* \* \* \* \* \* \*

(c) OMISSION FROM GROSS INCOME.—If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 5 years after the return was filed.

The respondent contends that "the amount of gross income stated in the return," herein involved, is $33,116.78, and, since the difference between this amount and the amount of gross income received by decedent during 1936, or $42,802.99, is more than 25 percent of the amount of gross income stated in the return, subsection (c) of section 275 is applicable and the assessment of the deficiency determined by the Commissioner is not barred, the notice of deficiency having been mailed within five years after the return was filed.

The petitioner contends that the two amounts aggregating $2,176.70, shown in the dividend schedule, designated as "Capital" and not carried forward as dividends received, are included in "the amount of gross income stated in the return" within the purview of subsection (c) of section 275; that if included the amount of income omitted is less than 25 percent of "the amount of gross income stated in the return," and that, therefore, the general rule under subsection (a) of section 275 is applicable and the assessment of the deficiency determined by the Commissioner is barred, the notice of deficiency having been mailed more than three years after the return was filed.

The question to be determined is whether the amount of $2,176.70 reported as "Capital" instead of dividend income in the return is an omission from gross income within the meaning of the statute. It is admitted that the amount of $2,176.70 was income in 1936 and not a capital return. It is, therefore, an "amount properly includible" in gross income. No question of fraud is involved.

Subsection (c) first appeared in the Revenue Act of 1934. Its provisions were first incorporated in section 276 (a) of the House bill, the Committee report stating as follows:

* * * The present law permits the Government to assess the tax without regard to the statute of limitations in case of failure to file a return or in case of a fraudulent return. The change in this section continues this policy, but enlarges the scope of this provision to include cases wherein the taxpayer understates gross income on his return by an amount which is in excess of 25 percent of the gross income stated in the return. It is not believed that taxpayers who are so negligent as to leave out of their returns items of such magnitude should be accorded the privilege of pleading the bar of the statute. [House Ways and Means Committee Rept. No. 704, 73d Cong., 2d sess., p. 35.]

The Committee on Finance of the Senate eliminated the provisions relative to the omissions from gross income from section 276 (a) and incorporated the provisions, as amended, in section 275, as subsection (c), stating in respect thereto in their report as follows:

The present law permits the Government to assess the tax without regard to the statute of limitations in case of failure to file a return or in case of a fraudulent return. The House bill continues this policy, but enlarges the scope of this provision to include cases wherein the taxpayer understates gross income on his return by an amount which is in excess of 25 percent of the gross income stated in the return. Your committee is in general accord with the policy expressed in this section of the House bill. However, it is believed that in the case of a taxpayer who makes an honest mistake, it would be unfair to keep the statute open indefinitely. For instance, a case might arise where a taxpayer failed to report a dividend because he was erroneously advised by the officers of the corporation that it was paid out of capital or he might report as income for one year an item of income which properly belonged in another year. Accordingly, your committee has provided for a 5-year statute in such cases. This amendment also necessitates a change in section 276 (a) of the bill. [Finance Committee Rept. No. 558, 73d Cong., 2d sess., pp. 43–44.]

The amount of $2,176.70 set forth in the return as an amount received from certain corporations and designated therein as "Capital" can not be said to be reported as gross income. Capital is not includible in gross income. The amount was treated as a capital receipt. It was reported as such and not as income received. Failure to report it as income received was an omission resulting in an understatement of gross income in the return. The effect of such designation and failure to report as income was in substance the same as though the items had not been set forth in the return at all. The decedent "failed to report a dividend" in 1936 by designating the $2,176.70 as "Capital" and by not including the amount in item 6, dividends received, just as effectually as though he had failed to set forth the amount in his return. We see no reason for treating this item differently than other items conceded by petitioner to have been omitted from gross income, one of which, as stated by counsel for petitioner, was erroneously considered to be tax-free and another a retirement of certain preferred stock at par which decedent had mistakenly believed he had acquired at par.

It is apparent that the provision of subsection (c) was inserted in the 1934 Revenue Bill for the protection of the revenue and to permit the Government to assess and collect taxes at any time where a taxpayer understates his gross income in excess of 25 percent of the gross income, as in cases involving fraud. The Finance Committee apparently considered the provision too drastic and unfair to taxpayers in many cases, and the revenue amply protected if a limitation of five years were applied. The amendment by the Finance Committee was primarily for the protection of the revenue and, secondly, for the relief of the taxpayer making "honest mistakes," as against the taxpayer guilty of fraud. But this amendment was not intended to relieve the taxpayer whose understatement of gross income in excess of 25 percent of the amount stated in the return was due to "honest mistake," and not fraud, from the payment of taxes justly due if asserted by the Commissioner within the five-year period. The words "If the taxpayer omits from gross income" are so clear and unambiguous that no construction of them is required.

The decedent having omitted from 1936 gross income an amount properly includible therein in excess of 25 percent of the amount of gross income stated in his 1936 income tax return, subsection (c) of section 275 is applicable and the assessment of the deficiency involved herein is not barred, notice of deficiency having been mailed within the five-year period.

*Decision will be entered for the respondent.*