*Decision will be entered under Rule 50.*

---

AMERICAN LIBERTY OIL COMPANY, TRANSFEREE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

WOFFORD PRODUCTION COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 104364, 104365. Promulgated December 30, 1942.

*John B. King, Esq.*, for the petitioners.
*Donald P. Moyers, Esq.*, for the respondent.

OPINION.

HARRON, *Judge:* The facts have been stipulated and we adopt them as our findings of fact. Facts necessary to understand the issue are set forth. The petitioners filed their separate income tax returns with the collector for the second district of Texas. The only question is whether assessment of the deficiencies is barred by the statute of limitations, no deficiencies having been assessed within the three-year period after the filing of the return in question. American Liberty Oil Co. admits that it is .the transferee of the assets of Wofford Production Co.

The respondent determined deficiencies in the income and excess profits tax liability of Wofford Production Co., Docket No. 104364, for the calendar year 1934 in the respective amounts of $8,078.88 and $2,937.78, and determined transferee liability in American Liberty Oil Co., Docket No. 104365, in the same amounts. Wofford Production Co., hereinafter called Wofford, filed its 1934 income tax return on June 13, 1935. In the return it reported gross income in the amount of $11,523.63 and deductions aggregating $12,007.08, leaving a net loss of $483.45. Included in the several deductions taken was one item, "Loss on sale of lease, $4,203." The sale referred to was of an oil lease known as the Pinkston lease. In 1934 Wofford sold the lease to American Liberty Oil Co. for $150,000 consideration. The loss in the amount reported in the return, as above stated, reflected the loss on such sale as it appeared on the books of Wofford, i. e., in so computing the loss Wofford included in the cost of the lease certain oil payments which it had made under the lease in the respective amounts of $53,148.74 and $40,445.27, aggregating $93,594.01. Wofford treated the oil payments as entering into cost because the respondent, in prior tax years, had made a determination with respect to the oil payments under which it logically followed that the oil payments constituted part of the cost.

On or about May 21, 1936, one of respondent's agents examined Wofford's return for 1934 and the pertinent books and records of Wofford. The agent made various adjustments, including the loss item. He found that the sale of the lease resulted in a profit of $14,324.65. However, in computing this profit the revenue agent did not increase the amount of the stated consideration received by Wofford, and he treated the cost as including the oil payments aggregating

$93,594.01, as Wofford had done in computing the loss. Wofford accepted the agent's adjustments. From the agent's adjustments there resulted income and excess profits taxes in the total amount of $3,460.56, which were assessed and paid.

After the expiration of the three-year statutory period prescribed by section 275 (a) of the Revenue Act of 1934, but within the five-year period stated in section 275 (c), both sections appearing in the margin,[1] respondent mailed notices of deficiency to Wofford and to the American Liberty Oil Co., transferee, on May 28, 1940. The deficiencies in income and excess profits tax liability were the result of respondent's determination that upon the sale of the lease Wofford realized a profit in the amount of $73,080.14. Respondent's final determination was based upon his conclusion that the oil payments of $93,594.01 had not been Wofford's income in the prior years and therefore did not enter into the cost of the lease. This view represented a reversal by respondent of his earlier view. Petitioner agrees that respondent's determination is correct, but contends that section 275 (c) is not applicable under the facts and circumstances, so that the deficiencies are barred by the limitation prescribed in section 275 (a).

Petitioner made an innocent mistake of law at the time it prepared its return for 1934. In fact, petitioner adopted a view of the law involved which respondent had applied in determining deficiencies in income tax for the years 1932 and 1933, and from which Wofford took an appeal to this Court. See *American Liberty Oil Co.*, 43 B. T. A. 76, 78–81. Prior to the promulgation of that case on December 13, 1940, the respondent decided that the matter was controlled by the rule of *Thomas* v. *Perkins*, 301 U. S. 655, in making the determinations involved in the deficiencies in question. Respondent confessed his error before he was reversed for the earlier years in *American Liberty Oil Co., supra*. But these circumstances are not material and do not aid petitioner in this case.

The facts here are within the clear wording of section 275 (c). Gross income as defined by section 22 (a) includes gains from dealings in property. In 1934 petitioner realized a gain of $73,080.14

---

[1] SEC. 275. PERIOD OF LIMITATION UPON ASSESSMENT AND COLLECTION.
Except as provided in section 276—
(a) GENERAL RULE.—The amount of income taxes imposed by this title shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period.

\*　　\*　　\*　　\*　　\*　　\*　　\*

(c) OMISSION FROM GROSS INCOME.—If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 5 years after the return was filed.

from the sale of property but omitted that amount from gross income. It was properly includible in gross income and it was in excess of 25 percent of the amount of gross income stated in the return. Subsection (c) provides an exception to the general rule set forth in section 275 (a). *C. A. Reis*, 1 T. C. 9. It was not intended to relieve the taxpayer whose understatement of gross income in the prescribed amount was due to "honest mistake." *Estate of C. P. Hale*, 1 T. C. 121. See Report No. 558 (pp. 43, 44), Committee on Finance, Revenue Act of 1934; *Anna M. B. Foster*, 45 B. T. A. 126; affd. 131, Fed. (2d) 405; *Swift & Co. Employes Benefit Association*, 47 B. T. A. 1011.

It is held that the deficiencies are not barred by the statute of limitations because section 275 (c) applies.

*Decision will be entered for the respondent.*