OPINION. Black, Judge: The first issue is whether the entire net income of the Oleta A. Ewald trust for the taxable years 1936, 1937, 1939, and 1940 should be included in computing petitioner’s net income under the provisions of section 167 (a) (2) of the Revenue Act of 1936 (for years 1936 and 1937) and of the Internal Revenue Code (for years 1939 and 1940). These provisions of the 1936 Act and the Code are identical and are set forth in the margin.[1] Admittedly, under paragraph 3 of the trust instrument Henry T. Ewald, the trustee of the trust, had the sole discretion with respect to the disposition of the income of the trust. The determination of this issue is, therefore, dependent upon whether Henry T. Ewald had a “substantial adverse interest” in the disposition of the undistributed income of the trust, which is the “part of the income” here in- question. If we determine that he did have such an interest, then the decision on this issue should he for the petitioner. On the other hand, if we determine that Henry T. Ewald did not have a “substantial adverse interest” in the disposition of the undistributed income of the trust, then the decision on this issue should be for the respondent. In her brief petitioner contends that Henry T. Ewald, trustee, did have a substantial adverse interest in the disposition of the undistributed trust income in question for two reasons, stated in the brief as follows: (a) His interest as beneficiary of tbe estate of the Petitioner if said Petitioner predeceased him. (b) His interest in preserving the ownership of Campbell-Ewald Company within the Ewald family. Under the first reason petitioner has requested a finding to the effect that there is ho provision in the trust instrument for the disposition of the trust corpus or of the accumulated income in the event petitioner predeceased her husband. In this connection she points out that under paragraphs 3 and 4 of the trust instrument Henry T. Ewald, trustee, is given authority to pay such portion of the trust income as he may deem proper to petitioner during her lifetime and to her children following her death; and that the only provisions of the trust instrument relative to the disposition of the corpus are contained in subparagraphs (c) and (d) of paragraph 15. Petitioner argues that subparagraphs (c) and (d) apply only “On the death of said donor subsequent to the death of said Henry T. Ewald” and that, if petitioner should die prior to the death of her husband, the trust purposes would end with respect to the corpus and any income which might then be accumulated. In her brief petitioner says, “It is a general principle of trust law that the interest of a trustee in trust property is only as large as the trust purposes require, and every interest and estate not embraced in the trust remains in and reverts to the Settlor,” citing 65 C. J. p. 565; 26 R. C. L. 1258, sec. 107; Bogert on Trusts and Trustees, vol. 4, sec. 997 (to which might have been added section 12984 of Compiled Laws of Michigan, 1929, which provides as follows: When an express trust is created, every estate and interest not embraced in the trust, and not otherwise disposed of, shall remain in, or revert to the person creating the trust, or his heirs as a legal estate.) Petitioner then concludes from this that if she should die before her husband, the trust would terminate, with the corpus and all accumulated income first reverting to her estate and then being distributed to her husband as the residuary legatee under her will. In this way petitioner says it would be to the interest of her husband as trustee to distribute' as little of the trust income as possible so that in case he survived his wife he. as the residuary legatee under her will, would receive the undistributed portion for himself, and that this interest must be regarded as a substantial adverse interest. Petitioner goes farther and says that, even if she revoked her will and predeceased her husband, the latter would “upon the death of Oleta A. Ewald, receive a substantial share (at least one-third) of the personal property constituting Mrs. Ewald’s estate under the provisions of the Michigan Statutes of Descent and Distribution,” citing Act 314 of Michigan Public Acts of 1915, ch. LVII, sec. 7. This section as amended (Michigan Statutes Annotated, vol. 23, sec. 27.3178 (163), sec. 93, par. 5) provides in part as follows: In case any married woman shall die possessed of any personal estate, her sole property, or any right or interest therein not lawfully disposed of by her last will and testament, the same shall, after the debts of the deceased, funeral charges and expenses of administration are paid, be distributed as follows: One-third to the husband, and the remaining two-thirds to Jier children * * *. We do not agree with petitioner that the trust would terminate if petitioner should die prior to the death of her husband. In construing trust instruments it is a paramount rule that the intention of the grantor, as expressed in the deed, shall prevail. Green v. Green, 23 Wall. 486; Colton v. Colton, 127 U. S. 300. “American courts are unwilling to permit the termination of the trust if this would defeat the purpose of the settlor in creating the trust.” Scott on Trusts, vol. 3, sec. 329 A. Looking at the trust instrument in question, we see that the donor desired to create an “irrevocable” trust in favor of the “beneficiaries” thereinafter designated. During her liftime she was to have such portions of the net income of the trust as her husband as trustee should deem proper to pay her, but if her husband died, or resigned, or became unable to serve as trustee, the successor trustees appointed by her were to pay the entire net income of the trust to petitioner during her liftime. Paragraph 4 provided that “Upon the death of said donor, said Henry T. Ewald, said trustee, shall distribute to the surviving children * * * quarter annually, such portions of the net income from said trust estate as he may deem proper.” We think this paragraph clearly shows that the grantor never intended the trust to terminate upon her death, if that death took place prior to the death of Henry T. Ewald, as petitioner contends. It is true that Henry T. Ewald as trustee was not given any authority to terminate the trust or to distribute any of the corpus. But by paragraph 14 the grantor appointed three joint trustees to serve in the place and stead of Henry T. Ewald in case of his death, resignation, or inability to serve. Then by paragraph 15 the donor provided that the new trustee or trustees shall be bound by four independent provisions, (a) to (d), inclusive. The fourth provision (d) provided in considerable detail for the disposition thereafter of both income and corpus. It may be that the trust instrument might have been more clearly drawn, but, after considering the entire instrument, we are unable to find any intention on the part of the grantor to have the trust terminated upon her death if she should predecease her husband. Petitioner’s whole case falls if it be determined that the trust does not terminate upon her death prior to the death of her husband. It would only be under a finding that the trust did terminate that the trust corpus and accumulated income would become a part of petitioner’s estate and become the property of her husband under the residuary clause of her will. It is clear that the trustee. Henry T. Ewald, took no interest in either the corpus or income of the trust under the terms of the trust indenture itself. If. therefore, it be held that under the terms of the trust indenture none of the corpus or accumulated income of the trust would be subject to disposal by petitioner’s will upon her predeceasing her husband, it is clear that Henry T. Ewald would take none of the trust property by reason of being the residuary legatee under petitioner’s will and therefore could not have a substantial adverse interest to petitioner in the distribution of the income of the trust. Cf. Jennie Sapirstein, 47 B. T. A. 903. We hold, therefore, that Henry T. Ewald did not have a substantial adverse interest in the disposition of the undistributed trust income for the first reason argued by petitioner. Under the second reason, stated above as (b), petitioner argues that if Henry T. Ewald exercised his discretion by accumulating a part of the trust income each year he would be building up a fund to pay estate and inheritance taxes of petitioner, and if a sufficient fund was thus built up, it would not become necessary to sell any of the 4,000 shares of Campbell-Ewald Company stock in order to pay such taxes, and that the building up of such a fund would be to the interest of Henry T. Ewald. This argument is likewise based upon the major premise that the trust would terminate if petitioner predeceased her husband and must, therefore, fall for the reasons above stated. In Georgia B. Lonsdale, 42 B. T. A. 847, we said, “The phrase ‘a substantial adverse interest’, as used in section 167, contemplates a direct interest in the trust income.” A person having such an interest would in ordinary parlance be regarded as a beneficiary of the trust. But in Reinecke v. Smith, 289 U. S. 172, the Supreme Court has held that “A trustee is not subsumed under the designation ‘beneficiary’.” Cf. H. Cecil Sharp, 42 B. T. A. 336, 340; Loeb v. Commissioner, 113 Fed. (2d) 664, affirming 40 B. T. A. 517; certiorari denied, . 311 U. S. 710; and Mary A. Cushing, 38 B. T. A. 948. In the instant proceeding we hold that Henry T. Ewald, as trustee, did not have a substantial adverse interest in the disposition of the undistributed income of the Oleta A. Ewald trust, and that he could have distributed the entire income of the trust for the taxable years here involved to petitioner. The respondent’s determination on this issue is approved. The second issue is whether the deficiencies for the years 1986 and 1987 are barred by the statute of limitations. The applicable statute is section 275 (a) and (c) of the Revenue Act of 1936.[2] It is conceded that the statute has run if only subsection (a) is applicable, but the respondent contends that subsection (c) is also applicable and that under subsection (c) the statute has not run. The respondent has shown that the gross income stated in petitioner’s return for the years 1936 and 1937 was $84,318,43 and $79,142.04 respectively; that 25 percent of these amounts is $21,079.61 and $19,785.51, respectively; that petitioner omitted from her gross income the amounts of $80,254.93 and $27,396.95, respectively; and that the deficiency notice was mailed within five years after the respective returns were filed. The omitted amounts are in excess of 25 percent of the amounts of gross income stated in the respective returns, and under the first issue we have held that the omitted amounts were properly includible in petitioner’s gross income under section 167(a) (2) of the Revenue Act of 1936. Petitioner contends that it was the intent of Congress to apply subsection (c) only if the omission from gross income of amounts properly includible therein was due to negligence on the part of the taxpayer; that the supplemental stipulation of facts (which we have incorporated in our findings of fact) clearly shows that the omission was not due to negligence, but to an honest belief that the omitted amounts were not income; and that to “omit” from gross income clearly means an act arising from neglect to perform what the law requires. We considered this identical statute in Estate of C. P. Hale, 1 T. C. 121, where in the course of our opinion we said, “The words ‘If the taxpayer omits from gross income’ are so clear and unambiguous that no construction of them is required.” In accordance with our decision in that case we hold that the deficiencies for the years 1936 and 1987 are not barred. Cf. Foster v. Commissioner, 131 Fed. (2d) 405; American Liberty Oil Co., 1 T. C. 386; Katharine C. Ketcham, 2 T. C. 159. Reviewed by the Court. Decision will be entered for the respondent. SEC. 107. INCOME FOR BENEFIT OF GRANTOR. (a) Where any part of the income of a trust— ' ******* (2) may, in the discretion of the grantor or of any person not having a substantial adverse interest-in the disposition of such part of the income, be distributed to the grantor; * • * [[Image here]] then such part of the income of the trust shall be included in computing the net income of the grantor. SEC. 275. PERIOD OE LIMITATION UPON ASSESSMENT AND COLLECTION. JExcepr as provided in section 27G— (a) General Rule. — The amount of income taxes imposed by this title shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes snail be begun after the expiration of such period. [[Image here]] (c) Omission from Gross Income. — If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 5 years after the return was filed.