AMERICAN FOUNDATION COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 111585. 95. Promulgated August 2, 1943.

*George M. Naus, Esq.*, and *Charles N. Whitehead, C. P. A.*, for the petitioner.

*Harry R. Horrow, Esq.*, for the respondent.

OPINION.

SMITH, *Judge:* These proceedings, consolidated for hearing, involve deficiencies in income, excess profits, and personal holding company taxes as follows:

| Docket No | Year | Deficiency | | | 25% penalty |
| --- | --- | --- | --- | --- | --- |
| | | Income tax | Excess profits tax | Personal holding company surtax | |
| 111585 | 1934 | $9,059.6? | $3,294.42 | $4,721.98 | |
| | 1936 | 4,204.82 | | | |
| | 1937 | 10,518.90 | 1,492.49 | 22,414.72 | |
| 95 | 1934 | 9,059.65 | | | $5,228.69 |
| | 1934 | | 3,294.42 | | 1,151.34 |
| | 1937 | 10,518.90 | 1,492.49 | | |

The deficiencies in Docket No. 111585 are predicated upon section 3801 of the Internal Revenue Code; those in Docket No. 95 for 1934 and 1937 were determined under the Revenue Acts of 1934 and 1937, as amended. The petition filed in Docket No. 95 does not cover personal holding company surtax for 1937, determined in the deficiency notice in the amount of $22,414.72. The deficiencies involved in Docket No. 95 duplicate those in income and excess profits taxes for the years 1934 and 1937 involved in Docket No. 111585, with the exception of the addition to the deficiencies for 1934 of the statutory penalties for delinquency in filing the tax return for that year.

The questions in issue are (1) whether this Court has jurisdiction of a proceeding based upon a deficiency notice covering years for which a deficiency notice had already been sent to the taxpayer and a petition thereon filed with the Board (now the Tax Court); and (2) whether the respondent has authority under the provisions of section 3801 of the Internal Revenue Code (mitigation of the effect of the statute of limitations) to make an adjustment of petitioner's tax liability for years which otherwise are barred by the statute of limitations.

The facts have all been stipulated. Those deemed to be material are summarized as follows:

The petitioner is a Nevada corporation, with its principal office in San Francisco, California. The returns for the periods here involved were filed with the collector of internal revenue for the first district of California.

1. The respondent mailed his deficiency notice which forms the basis of the proceeding in Docket No. 111585 on March 31, 1942. The petitioner filed its petition with the Board of Tax Appeals on June 15, 1942. On August 10, 1942, the respondent mailed a second notice of the same deficiencies in income tax and excess profits tax (but not for personal holding company surtax) for 1934, and in income tax, excess profits tax, and personal holding company surtax for 1937, with the addition to the deficiencies for 1934 of delinquency penalties of $5,228.69 in income tax and $1,151.34 in excess profits tax. From such second deficiency notice the petitioner filed its petition with the Tax Court on November 3, 1942, Docket No. 95.

Apparently the only reason for the mailing of the second deficiency notice was to claim the addition of the penalties to the deficiencies already determined for 1934. The argument of the respondent is that the corporation income and excess profits tax return for 1934 on Form 1120, which petitioner timely filed on April 20, 1935, which showed the required details of financial operations and upon which assessments of income tax and excess profits tax for 1934 were duly made, was "no return," since it was signed and verified by the petitioner's president only instead of by him and petitioner's "treasurer, assistant treasurer, or chief accounting officer," as required by section 52 of the Revenue Act of 1934. The petitioner submits that the defect in the verification was cured by the acceptance of the return by the respondent for the purpose of making assessments of income tax and excess profits tax for 1934, and also by the filing of a personal holding company tax return for 1934 on Form 1120H on May 15, 1935, which was properly verified by both the petitioner's president and treasurer and which showed the same net income as was shown by the return on Form 1120.

Under the stipulated facts we do not think that it is necessary to consider the merits of the respondent's argument upon this point. Section 272 of the Revenue Acts of 1934, 1936, and 1938, and of the Internal Revenue Code, provides in part as follows:

(e) INCREASE OF DEFICIENCY AFTER NOTICE MAILED.—The Board shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any penalty, additional amount or addition to the tax should be assessed—if claim therefor is asserted by the Commissioner at or before the hearing or a rehearing.

(f) **Further Deficiency Letters Restricted.**—If the Commissioner has mailed to the taxpayer notice of a deficiency as provided in subsection (a) of this section, and the taxpayer files a petition with the Board within the time prescribed in such subsection, the Commissioner shall have no right to determine any additional deficiency in respect of the same taxable year, except in the case of fraud, and except as provided in subsection (e) of this section, relating to assertion of greater deficiencies before the Board, or in section 273 (c), relating to the making of jeopardy assessments. * * *

At the time of the presentation of the evidence in these proceedings the respondent made no motion to increase the deficiencies for 1934 involved in Docket No. 111585.

The respondent had no authority to mail the second deficiency notice. It was not a proper notice of deficiency and the Tax Court has no jurisdiction in a proceeding based thereon. See *Agnes McCue*, 1 T. C. 986. The proceeding in Docket No. 95 will be dismissed for lack of jurisdiction.

2. On December 15, 1931, the petitioner sold its mining property, known as the Murchie Mine, to Empire Star Mines Co., Ltd., a corporation (hereinafter sometimes called Empire), for cash and other consideration, including 15,000 shares of the capital stock of Empire. The Empire shares had a value at that time of $20 a share. In its income tax return for 1931 the petitioner reported a gain of $198,-814.33 on the sale, without taking into account the 15,000 shares of Empire stock, with respect to which it claimed nonrecognition of gain. The return contained a detailed explanation of the transaction under "Schedule B—Profit from Sale of Assets."

Upon audit of petitioner's income tax return for 1931 the respondent determined that the petitioner was taxable upon the entire amount of gain realized from the sale of the Murchie Mine, represented by the difference between the cost of the mine and the fair market value of the entire consideration received from the purchaser. The respondent thus determined a deficiency in petitioner's income tax for 1931 in the amount of $17,702.02, notice of which he mailed to the petitioner on March 5, 1934.

Petitioner paid the 1931 deficiency on May 21, 1934, together with interest thereon of $2,268.04, making a total of $19,970.06. On January 13, 1936, petitioner filed a claim for the refund of said $19,970.06, which claim was rejected by the respondent in due course; whereupon, on October 17, 1938, the petitioner brought suit for that amount plus interest again the United States in the United States District Court for the District of Nevada. The District Court decided the case in favor of the Government in an original judgment entered August 28, 1940. The petitioner took an appeal to the Circuit Court of Appeals for the Ninth Circuit, which court, on May 23, 1941, granted a motion filed by counsel for the Government to reverse and remand the decision

to the District Court. On June 3, 1941, the District Court acted under the mandate and entered a judgment in favor of the petitioner. Thereafter, on August 19, 1941, there was refunded to the petitioner the amount of the judgment ($19,970.06), with interest thereon ($8,549.65) from May 21, 1934, making a total refund of $28,519.71.

Petitioner filed a "Tentative Return," Form 1120, covering the calendar year 1934 with the collector of internal revenue for the first district of California on March 8, 1935. On April 20, 1935, within the period of an extension duly granted, petitioner filed on Form 1120 its completed return for 1934 showing a net income of $86,219.04, an income tax liability of $11,855.12, and an excess profits tax liability of $1,310.95. The return was executed under oath by the petitioner's president, but not by its treasurer. The collector listed the amounts of income tax and excess profits tax shown to be due on the return on his assessment list for the month of April 1935, and said amounts were assessed by the Commissioner and duly paid by the petitioner in 1935.

On May 15, 1935, within the period of an extension duly granted, petitioner also filed, on Form 1120H, a personal holding company return for the calendar year 1934, showing a net income (as defined by Title I of the Revenue Act of 1934) of $86,219.04, which was the amount shown on the return (Form 1120) filed on April 20, 1935. The return was properly made and was signed and verified by petitioner's president and treasurer.

On January 29, 1937, respondent mailed to petitioner a notice of deficiency in personal holding company surtax under section 351 of the Revenue Act of 1934 for the year 1934 in the amount of $42,176.95, and from such determination the petitioner filed an appeal with the Board of Tax Appeals, now The Tax Court of the United States. The Board's decision in that proceeding entered December 12, 1939, pursuant to its opinion in 40 B. T. A. 452, became final without review or change within the year 1940.

On the dates of March 9, 1937, and March 15, 1938, respectively, the petitioner filed with the collector of internal revenue corporate income and excess profits tax returns on Form 1120 for 1936 and 1937. Also on the last named date it filed for the calendar year 1937 a return on Form 1120H, which was the form prescribed for reporting personal holding company surtax.

During 1934, 1936, and 1937 petitioner sold 10,000 of the 15,000 shares of Empire stock acquired in 1931 as follows:

| Year | Number of shares | Sale price |
|---|---|---|
| 1934 | 5,000 | $195,000.00 |
| 1936 | 1,600 | 59,821.12 |
| 1937 | 3,400 | 105,771.97 |

Petitioner reported gains from those sales in its returns (Forms 1120 and 1120H) for 1934, 1936, and 1937, using as the basis for the shares their fair market value on the date of their receipt by petitioner in 1931, namely, $20 per share.

On March 31, 1942, the respondent mailed to the petitioner a deficiency notice in Docket No. 111585. asserting the above stated deficiencies for 1934, 1936, and 1937, determined under the provisions of section 3801 of the Internal Revenue Code. The respondent had not previously determined that petitioner had erroneously reported the amount of its gains on the sales in its returns for 1934. 1936, and 1937.

It is stipulated that the adjusted basis of the 15,000 shares of Empire for determining gain or loss on the sale or other disposition thereof for income tax purposes is $6.82232 per share.

Section 3801 of the Internal Revenue Code. which is substantially the same as section 820 of the Revenue Act of 1938, provides in material part as follows:

SEC. 3801. MITIGATION OF EFFECT OF LIMITATION AND OTHER PROVISIONS IN INCOME TAX CASES.

(a) DEFINITIONS.—For the purpose of this section—

(1) DETERMINATION.—The term "determination under the income tax laws" means—

\* \* \* \* \* \* \*

(B) A decision by the Board of Tax Appeals or a judgment, decree, or other order by any court of competent jurisdiction, which has become final; \* \* \*

\* \* \* \* \* \* \*

Such term shall not include any such agreement made, or decision, judgment, decree, or order which became final, or claim for refund finally disposed of, prior to August 27, 1938.

\* \* \* \* \* \* \*

(b) CIRCUMSTANCES OF ADJUSTMENT.—When a determination under the income tax laws—

\* \* \* \* \* \* \*

(5) Determines the basis of property for depletion, exhaustion, wear and tear, or obsolescence, or for gain or loss on a sale or exchange, and in respect of any transaction upon which such basis depends there was an erroneous inclusion in or omission from the gross income of, or an erroneous recognition or nonrecognition of gain or loss to, the taxpayer or any person who acquired title to such property in such transaction and from whom mediately or immediately the taxpayer derived title subsequent to such transaction—

and, on the date the determination becomes final, correction of the effect of the error is prevented by the operation (whether before, on, or after May 28, 1938), of any provision of the internal-revenue laws other than this section and other than section 3761 (relating to compromises) then the effect of the error shall be corrected by an adjustment made under this section. Such adjustment shall be made only if there is adopted in the determination a position maintained by the Commissioner (in case the amount of the adjustment would be refunded or credited in the same manner as an overpayment under subsection (c)) or by the taxpayer with respect to whom the determination is made (in case the amount of the adjustment would be assessed and collected in the same manner as a de-

ficiency under subsection (c)), which position is inconsistent with the erroneous inclusion, exclusion, omission, allowance, disallowance, recognition, or nonrecognition, as the case may be. * * *

* * * * * * *

(f) No ADJUSTMENT FOR YEARS PRIOR TO 1932.—No adjustment shall be made under this section in respect of any taxable year beginning prior to January 1, 1932.

The position of the respondent is that, since the petitioner in its income tax return for 1931 claimed nonrecognition of gain with respect to the 15,000 shares of Empire stock which it received as part consideration on the sale of the Murchie Mine, it took an inconsistent position in reporting profits from the sales of those shares in 1934, 1936, and 1937 based on the fair market value of the shares at the date of receipt, namely, $20 per share, instead of the stipulated correct basis of $6.82232 per share; that since as a result of the decision of the District Court entered in 1941 the respondent was found to be in error in his determination that the petitioner was taxable in 1931 upon the gain represented by the receipt of the 15,000 Empire shares, section 3801 of the Internal Revenue Code is applicable for the purpose of permitting an adjustment of petitioner's income tax returns for 1934, 1936, and 1937.

We do not think that section 3801 is applicable to any of the years before us. That section sets forth in precise terms the conditions upon which adjustments may be made for years otherwise barred by the statute of limitations. Some of those conditions are present here, but not all of them. Unquestionably the decision of the District Court entered in 1941 was a "determination under the income tax laws"; and it was not made "prior to August 27, 1938." (Sec. 3801 (a) (1) (B)). It might be said, too, that there was adopted in the court's determination a position (that petitioner was not taxable on the receipt of the shares in 1931) inconsistent with petitioner's erroneous omission from gross income in its returns for 1934, 1936, and 1937 of a portion of the profits from the sales of the Empire shares in those years, in that petitioner used a basis of $20 per share for the shares sold upon the theory that taxable gain resulted from receipt of the shares in 1931. (Sec. 3801 (b) (5).)

However, the determination of the District Court did not determine the basis of the shares for any purpose whatever. The question before the court was whether petitioner had a recognizable gain on the receipt of the shares in 1931. The determination had nothing to do with basis.

Neither was the "omission" from gross income in 1934, 1936, and 1937 "in respect of any transaction upon which such basis depends." The basis depended upon the transaction in 1931. The omission was in respect of the sale of some of those shares in the 1934, 1936, and 1937 transactions.

The facts here do not fit the requirements of the statute. Section 3801 contains specific provisions governing its application, and we can not extend those provisions by implication. *Gould* v. *Gould*, 245 U. S. 151.

In view of our determination that section 3801 is not applicable to any of the taxable years involved, we do not need to pass upon petitioner's further, or alternative, contention that in any event the adjustments to be made under that section are restricted to income tax, since the "determination" related to income tax only, in accordance with section 19.3801 (b)–0 of Regulations 103.

Although. as we have found, the additional assessments for 1934, 1936, and 1937 proposed in the deficiency notice of March 31, 1942 (Docket No. 111585), were not authorized by section 3801, we think that as to the year 1937 the determination of the deficiencies was timely by reason of the provisions of section 275 of the Internal Revenue Code. That section provides, generally, that income taxes imposed by Title I of the Revenue Act of 1936 shall be assessed within three years after the return was filed. Subdivision (c) of that section provides:

(c) OMISSION FROM GROSS INCOME.—If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 5 years after the return was filed.

The section applies to the deficiency determined for the year 1937 if in point of fact the petitioner omitted from gross income an amount in excess of 25 percent of the amount which it should have reported.

On its return for 1937, filed March 15. 1938. the petitioner reported the sale of 3,400 shares of stock of Empire Star Mines, Ltd.. and a capital gain on the sale of $37,771.97, computed by using the cost basis of $20 per share. The amount of gain properly includible in the return was the difference between the selling price of $105,771.97 and the stipulated basis $23,195.89, or $82,576.08. Since the petitioner reported $37,771.97 the amount omitted from the return was $44,804.11. The total gross income stated on petitioner's return was $94,334.47. The amount omitted from the return was more than 25 percent of the.gross income reported and therefore the five-year period of limitation applies.

Petitioner argues that, since the return showed the price at which the stock was sold, there was no omission from gross income. We see no merit in this contention. There is no question but that the gross income on the face of the petitioner's tax return was understated to the extent of $44,804.11. That constituted an omission from gross income, notwithstanding the fact that the details of the sale of the shares were shown at some place in the return. *American Liberty Oil Co.*, 1 T. C. 386. See also *Estate of C. P. Hale*, 1 T. C. 121; *Foster* v. *Com-*

*missioner* (C. C. A., 5th Cir.), 131 Fed. (2d) 405; affirming 45 B. T. A. 126.

The provisions of section 275 (c) are made applicable to the excess profits tax and personal holding company surtax by sections 603 and 508 of the Internal Revenue Code.

> *The proceeding in Docket No..95 is dismissed for lack of jurisdiction. Decision will be entered under Rule 50 in Docket No. 111585.*