R. H. Oswald Company, Inc. v. Commissioner.
R. H. Oswald Co., Inc. v. Commissioner
Docket No. 25100.
United States Tax Court
1949 Tax Ct. Memo LEXIS 20; 8 T.C.M. (CCH) 1037; T.C.M. (RIA) 49279; December 1, 1949
JOHNSON Order of Dismissal JOHNSON, Judge: This proceeding came on for hearing on November 16, 1949, at Washington, D.C., upon respondent's motion to dismiss. On September 19, 1949, a petition was filed in which petitioner assigned error in the Commissioner's disallowance of its claim for relief under section 722, Internal Revenue Code, and also in the disallowance of a salary deduction reflected in a redetermination of an excess profits tax deficiency for the fiscal year ended June 30, 1943. On October 24, 1949, respondent *21 moved to dismiss the petition in so far as it relates to the deficiency on the ground that the Court is without jurisdiction to hear it. Since it appears that the same error and deficiency were placed in issue by virtue of a prior deficiency notice and were the subject of a proceeding before this Court in Docket No. 19641 [8 TCM 964;], that part of the notice on which this proceeding is based relating to the excess profits tax deficiency, is unauthorized and ineffective to confer jurisdiction on this Court, section 272 (f), Internal Revenue Code, and it is accordingly: ORDERED: That the petition be and the same is hereby dismissed in so far as it relates to an excess profits tax deficiency for the fiscal year ended June 30, 1943. Memorandum Sur Order JOHNSON, Judge: On June 21, 1949, the Commissioner sent to petitioner in the above-entitled proceeding a notice of his determination that petitioner had not established a right to relief for which application had been made under section 722, Internal Revenue Code, and of his further determination that there was a deficiency of $33,530.83 in excess profits tax for the *22 fiscal year ended June 30, 1943. Petitioner, on September 19, 1949, filed with this Court a petition, assigning as errors (1) respondent's issuance of a second deficiency notice for the fiscal year 1943; (2) disallowance of a salary deduction of $36,167.83 claimed for that year and (3) denial of relief under section 722. Before the mailing of the notice on which this proceeding is based and on June 30, 1948, the Commissioner had sent to petitioner a prior notice of his determination of a deficiency of $33,530.83 in excess profits tax for the fiscal year ended June 30, 1943, and of other deficiencies in income tax, declared value excess-profits tax, and excess profits tax for the fiscal years ended June 30, 1943 and 1944. A petition based on the prior notice was filed, and error was therein assigned in respect of the Commissioner's disallowance of a salary deduction of $36,167.83 claimed for fiscal 1943. After a hearing, the issues were decided as set forth in this Court's Memorandum Findings of Fact and Opinion, entered October 25, 1949, Docket No. 19641 [8 TCM 964;]. On October 24, 1949, respondent filed with the Court a motion to dismiss this proceeding, based *23 on the second notice, "insofar as it relates to the redetermination of the deficiency in petitioner's excess profits tax liability for the fiscal year ended June 30, 1943." At a hearing on the motion petitioner's counsel expressed the view that the second notice should have related only to disallowance of the claim for relief under section 722, but as it also purported to be notice of a deficiency of $33,530.83 in excess profits tax for fiscal 1943, error was assigned in respect thereto "in order to protect this petitioner." The first notice, dated June 30, 1948, represented a proper compliance with the requirements of section 272 (a) (1), and constituted the basis for jurisdiction which this Court exercised in disposing of the proceeding in Docket No. 19641 [8 TCM 964;]. By section 272 (f): "* * * If the Commissioner has mailed to the taxpayer notice of a deficiency as provided in subsection (a) of this section, and the taxpayer files a petition * * *, the Commissioner shall have no right to determine any additional deficiency in respect of the same taxable year, except *24 in the case of fraud, * * *" and other situations not here pertinent. In so far as the second notice relates to the claim for relief under section 722, it properly constitutes the notice of disallowance prescribed by section 732 (a) as a prerequisite for a redetermination of tax under the sections of subchapter E relating to abnormalities. But in so far as it relates to adjustments reflected in the determination of deficiency set forth in the notice of June 30, 1948, and computed without reference to relief provisions, it represents a second notice of deficiency, which is forbidden and hence without effect. As stated in Agnes McCue, 1 T.C. 986: "The Commissioner had no right to mail a second notice * * * and he is not entitled to the advantages which would accrue to him if his second letter had been a statutory notice. Cf. Georgiana McFetridge, 9 B.T.A. 759. Likewise, the second letter gave the petitioner no right under the statute to file a petition with this Court, * * *. The present proceeding must be dismissed for lack of jurisdiction." See also American Foundation Co., 2 T.C. 502. For like reasons the petition here should be *25 dismissed in so far as it relates to the determined deficiency and not to relief. As the relief is not effected through reduction of a deficiency in the excess profits tax but by refund or credit, section 722 (d); Pohatcong Hosiery Mills, Inc. v. Commissioner (C.C.A., 3rd Cir.), 162 Fed. (2d) 146; Uni-Term Stevedoring Co., Inc., 3 T.C. 917, a decision in respect of the amount of relief will not disturb the finality of a decision in respect of the amount of deficiency. The decision of this Court in Docket No. 19641 [8 TCM 964;] is dispositive of that amount.