OPINION. Tietjens, Judge: With reference to the taxable year 1945 the taxpayer contests assessment on the ground that the period prescribed by the statute of limitations had expired. The return for that year was filed on March 15,1946. In January 1951, more than 3 years but less than 5 years from the date the return was filed, the taxpayer’s executor filed a consent extending the period of limitation. Within the period specified in the first consent a second consent was filed, and on December 20, 1951, before the end of the consent period, the notice of deficiency was mailed. The timeliness of the notice of deficiency for 1945 depends upon whether or not the period for making assessment was extended to 5 years by section 275 (c), Internal Revenue Code. The Commissioner contends the period was so extended because the taxpayer omitted an amount from gross income in excess of 25 per cent of the gross income reported on his return. The burden of proving that the ordinary statutory 3-year period of limitations has not barred the assessment and that the 5-year period provided in section 275 (c) is applicable is on the Commissioner. Lois Seltzer, 21 T. C. 398. The Commissioner called no witnesses. He relies on a stipulation made at the hearing pursuant to which it was agreed that the items of $5,684 and $8,544.37 shown on the 1945 return as “Labor” and “Material and supplies” on Schedule C were improperly included in cost of goods sold and that the taxpayer’s gross income was accordingly increased. -This stipulation was assented to by the taxpayer’s counsel with the reservation that it was not admitted the items “were not a cost of operation” or that they were “not expense items.” At the same time, however, the taxpayer’s counsel stated, “We are not in a position to prove the items,” and no evidence directed to establishing what the items might have been was introduced. In this situation we think that the Commissioner has at least shifted to the taxpayer the burden of going forward with proof as to the true character of the items, and that since the state of the evidence leaves the items unexplained except to the extent that they are not part of the cost of goods sold we must sustain the Commissioner on the statute of limitations issue. In computing business income involving the sale of goods gross income is gross sales less cost of goods sold. Joe W. Scales, 18 T. C. 1263. Cf. Ray Edenfield, 19 T. C. 13. In our view, the net effect of the record on this issue is that the taxpayer’s gross income for 1945 was understated by at least $14,228.37, the sum of the two items which admittedly were improperly included in cost of goods sold on the return. This amount was in excess of 25 per cent of the gross income stated on the return and the 5-year limitation was properly applied. We are not unaware of the decision of the Court of Appeals for the Third Circuit in Uptegrove Lumber Co. v. Commissioner, 204 F. 2d 570, reversing a Memorandum Opinion of this Court, but believe the result we have reached here is correct. On the other question for decision, i. e., the Commissioner’s disal-lowance of claimed deductions for lack of substantiation, we wish to note that we are reluctant to decide cases on the basis of burden of proof. Nevertheless, in the interest of the orderly presentation and disposition of cases, rules relating to the burden of proof have been formulated and of necessity must be followed. On this issue, the taxpayer’s allegation of facts is as follows: The assets of the decedent coming into our hands shortly after the death of Mr. Gibbs only amounted to $5,860.49, and obviously on account of him being ignorant but conservative man with inexpensive tastes, he could not have had the earnings attributed to him in the tax years involved. Along the line indicated by this allegation, the taxpayer’s only evidence has been directed to proving that the taxpayer died leaving a paucity of assets, that he lived frugally during the taxable years; ergo, he did not receive taxable income during those years in the amounts ascribed to him by the Commissioner. The burden was squarely on the taxpayer to overturn or meet the presumption of correctness which attached to the Commissioner’s determination. The proof in this proceeding was of the most general nature, it was not specifically pointed at any adjustment made by the Commissioner, and falls far short of that necessary for carrying this burden. The negligence penalties were not contested. Decision will be entered for the respondent.