**DEAKMAN–WELLS CO., Inc.**

v.

**COMMISSIONER OF INTERNAL REVENUE.**

**No. 11214.**

United States Court of Appeals, Third Circuit.

Argued March 4, 1954.

Decided June 8, 1954.

Arthur L. Barton, New York City, for petitioner.

Robert B. Ross, Washington, D. C. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Robert N. Anderson, Sp. Assts. to the Atty. Gen., on the brief), for respondent.

Before MARIS, McLAUGHLIN and HASTIE, Circuit Judges.

MARIS, Circuit Judge.

In this case the court is asked to review a decision of the Tax Court. The facts are these. Taxpayer, a corporation organized under the laws of the state of New Jersey, was engaged in the business of constructing buildings. Since its incorporation, taxpayer has kept its books of account on the accrual basis but has filed its federal income tax returns on the cash basis. The accrual method of accounting clearly reflected the net income of taxpayer for each of the taxable years involved and taxpayer's net income should have been computed and reported in its returns in accordance therewith. Taxpayer's return for the taxable year ended April 30, 1947 was filed on July 15, 1947. The notice of deficiency was sent to taxpayer on June 27, 1951. The only portion of the notice relating to the taxable year ended April 30, 1947 concerned the disallowance of a carryback loss from the taxable year ended April 30, 1948 and the allowance of an increased carry-over

loss from the taxable year ended April 30, 1945. On September 21, 1951 the taxpayer petitioned for a redetermination by the Tax Court. On September 3, 1952, the Commissioner filed in the Tax Court an amendment to his answer which asserted that the taxpayer had failed to include properly in its gross income the sum of $72,694.87.

Taxpayer's return for the taxable year ended April 30, 1947 did not contain any report on page one of the items includible in its gross income, but in a schedule entitled "Statement of Operations— Fiscal Year Ended April 30, 1947" attached to the inside portion of the return, taxpayer reported and computed its "gross profit" as follows:

"*Income*
From Construction Contracts, rental of equipment,
etc. $1,471,581.08
Plus: Unpaid Accounts Receivable 4/30/46 10,674.04
                                                                    1,482,255.12
Deduct Unpaid Accounts Receivable 4/30/47 217,931.43
Sales—Cash Basis 1,264,323.69
*Cost of sales*
Job Costs 1,323,032.16
Small Tools Consumed 848.08 [red]
Job Expenses 4,336.86
Yard Rent 270.00
                                            1,326,790.94
Less—Discounts 1,947.60
                                            1,324,843.34
Plus—Accounts Payable—
Unpaid 4/30/46 23,747.57
                                            1,348,590.91
Less—Accounts Payable—
Unpaid 4/30/47 158,310.09
                                                                    1,190 280 82
Gross Profit 74,042.87"

If the "gross profit had been computed by taxpayer upon the accrual basis, such computation would have been as follows:
*Income*
From Construction Contracts, rental of equipment,
etc. $1,471,581.08
*Cost of sales*
Job Costs 1,323,032.16
Small Tools Consumed 848.08 [red]
Job Expenses 4,336.86
Yard Rent 270.00
                                            1,326,790.94
Less—Discounts 1,947.60
                                                                    1,324,843.34
Gross Profit 146,737.74

The Tax Court concluded that the taxpayer had omitted from its gross income reported for the taxable year ended April 30, 1947 amounts properly includible therein which were in excess of 25% of the gross income reported, within the meaning of section 275(c) of the Internal Revenue Code, 26 U.S.C.A. The Court held that the five-year statute of limitations imposed by section 275(c) ap-

plied, that the statute had been suspended by the filing of the taxpayer's petition in the Tax Court before the expiration of the five-year period and that the claim for the deficiency based on the omission of the sum of $72,694.87 having been made at or before the Tax Court hearing, the claim was timely and should be allowed. 20 T.C. 610. The taxpayer then brought the case to this court for review.

■ The decision of the Tax Court must be reversed. We are satisfied that the case does not come within the purview of section 275(c) of the Internal Revenue Code.[1] We recently had occasion to consider the scope of that subsection in Uptegrove Lumber Co. v. Commissioner of Internal Revenue, 3 Cir., 1953, 204 F.2d 570. In that case we pointed out that the statute applies only where the taxpayer has failed to make a return of some taxable gain, where he has altogether omitted an item from the income reported, and not to a case such as this where he merely understates the final figure in his gross income computation, the item in question having been disclosed in the return but eliminated in the computation of the final figure. We adhere to the views which we expressed in the Uptegrove case and conclude that the Tax Court erred in holding section 275(c) applicable.

■ The Commissioner contends that the present case is distinguishable from the Uptegrove case in that in Uptegrove the taxpayer computed his gross income on page one of the return, following the form supplied by the Commissioner, while in the present case the taxpayer did not use page one to compute its gross income but used instead a schedule attached to the return, making various adjustments in its accounts payable and receivable which were not required by the tax return. The asserted distinction is, we think, wholly without legal significance. In the present case the taxpayer made no computation of any kind on page one, substituting merely the notation "See Schedule Attached". In computing its gross income in the attached schedule it substantially followed the form of page one of the return, except for the adjustment in its accounts from the accrual to the cash basis. It can scarcely be expected that every taxpayer's business will be such that the form supplied by the Commissioner can always be followed in computing gross income. It is accordingly sufficient if all items of gross income are disclosed in a schedule attached to the return in which the computation is made.

The Commissioner makes another contention. He points to the fact that under section 276(d)[2] of the Internal Revenue

---

1. "(c) Omission from gross income. If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 5 years after the return was filed." 26 U.S.C.A. § 275 (c).

2. "(d) Net operating loss carry-backs and unused excess profits credit carry-backs. In the case of a deficiency attributable to the application to the taxpayer of a net operating loss carry-back or an unused excess profits credit carry-back, including deficiencies which may be assessed pursuant to the provisions of section 3780(b) or (c), such deficiency may be assessed—
"(1) in case a return was required under subchapter E of chapter 2 for the taxable year of the net operating loss or unused excess profits credit resulting in the carry-back, at any time before the expiration of the period within which .(under section 275 or subsection (a) or (b) of this section) a deficiency (with respect to tax imposed either by chapter 1 or by subchapter B or E of chapter 2) for such taxable year (whichever is the longer period) may be assessed; or
"(2) in case a return was not required under subchapter E of chapter 2 for the taxable year of the net operating loss or unused excess-profits credit resulting in the carry-back, at any time before the expiration of the period within which (under section 275 or subsection (a) or (b) of this section) a deficiency (with respect to tax imposed either by chapter 1 or by subchapter A or B of chapter 2) for such taxable year (whichever is

Code he was in any event authorized on June 27, 1951, when his notice of deficiency was sent, to assess an additional tax for the year ended April 30, 1947 based on the disallowance of the carry-back to that year of a loss suffered in the year ended April 30, 1948, the period for assessing deficiencies for the latter year not then having expired. The taxpayer having appealed to the Tax Court from the notice of deficiency thus given for the year ended April 30, 1947, the Commissioner next points to section 272(e) [3] of the Internal Revenue Code and contends that since he made claim to the additional deficiency here in question in his amended answer filed before the hearing, the Tax Court was empowered under section 272(e) to redetermine the deficiency for the year ended April 30, 1947, as it did, regardless of the three-year limitation of section 275(a) or the five-year limitation of section 275(c).

■ We hold this contention to be without merit. It is true that ordinarily section 272(e) does operate to permit the Commissioner to claim before the Tax Court an additional tax deficiency for the year which is under review by the court even though he did not claim it in his original notice of deficiency. Such a claim may be made after the statute of limitations has run against additional assessments for the year in question if the original notice of deficiency was mailed before the statute had run. It was so held by the Court of Appeals for the Ninth Circuit in Liebes v. Commissioner of Internal Revenue, 1933, 63 F. 2d 870, 92 A.L.R. 938, and by the Board of Tax Appeals in Ticker Publishing Co. v. Commissioner of Internal Revenue, 1942, 46 B.T.A. 399, and we have no quarrel with those rulings. Those cases, however, involved only the assertion by the Commissioner and allowance by the Board of Tax Appeals of claims which the Commissioner might lawfully have asserted in his original notice of deficiency.

■ The present case presents a different situation. For here on June 27, 1951 when the Commissioner mailed his notice of deficiency for the year ended April 30, 1947, the general assessment of additional income taxes for that year was barred by the three-year statute of limitations of section 275(a). Additional assessments with respect to the disallowance of the carry-back loss from the following year were then the only additional assessments for that year which were open to the Commissioner to make under section 276(d). These assessments were limited, however, by the express terms of that subsection to "a deficiency attributable to the application to the taxpayer of a net operating loss carry-back or an unused excess profits credit carry-back". It would, therefore, have been beyond the power of the Commissioner on June 27, 1951 to have assessed the deficiency for the year ended April 30, 1947, which he subsequently claimed in his amended answer, which the Tax Court determined against the taxpayer and which is here in controversy. In Leuthesser v. Commissioner, 1952, 18 T.C. 1112, and Bouchey v. Commissioner, 1953, 19 T.C. 1078, the Tax Court so held and we are in accord with its view.

It follows that the only claim which the Commissioner was entitled in this case to assert for the first time in the Tax Court under section 272(e) was a claim for an additional deficiency, if any there might be, which would be "attributable to the application to the taxpayer of a net operating loss carry-back", and that he was not entitled to claim a defi-

the longer period) may be assessed." 26 U.S.C.A. § 276(d).

3. "(e) Increase of deficiency after notice mailed. The Board shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any penalty, additional amount or addition to the tax should be assessed—if claim therefor is asserted by the Commissioner at or before the hearing or a rehearing."

ciency which on June 27, 1951 was wholly barred by the statute of limitations.[4]

One further point must be mentioned. In his deficiency letter of June 27, 1951 the Commissioner not only disallowed the operating loss carry-back from the succeeding year, as section 276(d) authorized him to do, but also granted the taxpayer the benefit of an increased net operating loss carry-over from the year ended April 30, 1945. For the reasons already given it was beyond the power of the Commissioner to do this, the statute of limitations having run. The deficiency in income tax due by the taxpayer for the year ended April 30, 1947, must, therefore be recomputed by the Tax Court upon the basis of the disallowance of the net operating loss carry-back from the year ended April 30, 1948 alone.

The decision of the Tax Court will be reversed and the cause will be remanded for recomputation of the taxpayer's deficiency in income tax for the year ended April 30, 1947 in a manner not inconsistent with this opinion.

4. We, of course, do not have before us and do not pass upon the case where the Tax Court determines an overpayment as the result of such a loss carry-back. In such a case other considerations may well be involved. See Commissioner of Internal Revenue v. Van Bergh, 2 Cir., 1954, 209 F.2d 23.