**George SLAFF, Petitioner,**
v.
**COMMISSIONER OF INTERNAL REVENUE, Respondent.**
No. 14054.

United States Court of Appeals, Ninth Circuit.

March 4, 1955.

George Slaff, Los Angeles, Cal., in pro. per., for appellant.

H. Brian Holland, Asst. Atty. Gen., Hilbert P. Zarky, Ellis N. Slack, Carolyn R. Just, Special Assts. to Atty. Gen., Kenneth W. Gemmill, Acting Chief Counsel, Internal Revenue Service, Washington, D. C., for appellee.

Before STEPHENS, Circuit Judge, CHAMBERS, Circuit Judge, and HARRISON, District Judge.

HARRISON, District Judge.

In this case the court is asked to review a decision of the Tax Court adverse to the taxpayer.

The uncontroverted facts are summarized as follows: For reasons of physical disability, petitioner, an individual, was classified by his draft board 4–F and refused entrance into three branches of the Armed Services in which he sought to enlist. Petitioner applied for overseas service with the American Red Cross (hereinafter called "Red Cross") and in June or July, 1942, was employed by that organization. He received a leave of absence from the Federal Power Commission with whom he held the position of principal attorney. He made a complete disposition of the real property he owned in the United States and gave up his apartment in Washington, D. C., which was the only permanent abode or residence he had maintained up to that time in the United States.

Having applied for and received an American passport in September, 1942, he was ordered by the Red Cross to England. He flew there as a civilian passenger on a civilian airline.

From October, 1942 to December, 1944, petitioner was stationed in various countries in Europe, serving in several capacities for the American Red Cross.

In December, 1944, petitioner returned to the United States to make appearances on behalf of the Red Cross. The Federal Power Commission subsequently requested petitioner to return to its service. He did so in April or May of 1945 being engaged as chief counsel in charge of a nation-wide investigation of natural gas resources, a capacity different from that which he had in 1942.

Petitioner's intention upon going overseas was to return to the United States after serving abroad whatever period of time might be required. He was advised by counsel that he was liable for taxes in England and France during the war, but paid no taxes in either country.

On April 28, 1947, petitioner filed his returns for the years 1943 and 1944 with the Collector of Internal Revenue for the fifth district of New Jersey. He stated on the first page of his 1943 return under the heading "Income" the following:

"American Red Cross—Overseas Sept. 1942 to Dec. 1944. Income received $3,300; exempt under Section 116 I.R.C.; therefore no taxable income."

After the words "Enter total here", he wrote "None". A similar statement was made in the return for 1944.

The preliminary question to be determined is whether or not the claim of the Commissioner is barred by the provisions of Section 275(c) of the Internal Revenue Code, 26 U.S.C.A. § 275 (c).

■ The question of whether the taxpayer was exempt under the provisions of Section 116(a) of the Internal Revenue Code, 26 U.S.C.A. § 116(a), in that the taxpayer was a bona fide resident of a foreign country, has been decided adversely to the contentions of petitioner in this Circuit by Judge Stephens in Downs v. Commissioner, 166 F.2d 504.

Thus there remains but one issue and that is whether the three year or five year period of limitation applies. If the three year period applies the case must be reversed.

The controversy arises over the interpretation of Section 275(c) of the Internal Revenue Code, reading as follows:

"(c) *Omission from gross income.* If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 5 years after the return was filed."

The word "omit" has been the source of much litigation.[1] While the meaning of the word has not been in dispute, its application to various circumstances by the Commissioner has created much litigation as well as confusion over said Section 275(c), Internal Revenue Code.

Congress in the Revenue Code of 1954, 26 U.S.C.A. has solved this problem for our guidance in the future when it stated in Section 6501(e) in part as follows:

"(e) *Omission from gross income.*—Except as otherwise provided in subsection (c)—

"(1) *Income taxes.*—In the case of any tax imposed by subtitle A—

"(A) *General rule.*—If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 percent of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 6 years after the return was filed. For purposes of this subparagraph—

"(i) In the case of a trade or business, the term 'gross income' means the total of the amounts received or accrued from the sale of goods or services (if such amounts are required to be shown on the return) prior to diminution by the cost of such sales or services; and

"(ii) In determining the amount omitted from gross income, there shall not be taken into account any amount which is omitted from gross income stated in the return if such amount is disclosed in the return, or in a statement attached to the return, in a manner adequate to apprise the Secretary or his delegate of the nature and amount of such item."

Respondent places great stress upon O'Bryan v. Commissioner, 9 Cir., 148 F. 2d 456, but the court did not go as far as respondent seeks to go in this case.

It must be remembered that the O'Bryan case, supra, like the case before

1. Ewald v. C. I. R., 6 Cir., 1944, 141 F.2d 750, affirming 2 T.C. 384; Meurer Steel Barrel Co. v. C. I. R., 3 Cir., 1944, 144 F.2d 282; M. C. Parrish & Co. v. C. I. R., 3 T.C. 119, affirmed in 5 Cir., 1945, 147 F.2d 284; Estate of Foster v. C. I. R., 5 Cir., 1942, 131 F.2d 405, affirming 45 B.T.A. 126; Ketcham v. C. I. R., 2 Cir., 1944, 142 F.2d 996, affirming 2 T.C. 159; Reis v. C. I. R., 6 Cir., 1944, 142 F.2d 900, affirming 1 T.C. 9; American Foundation Co. v. C. I. R., 2 T.C. 502; Maloy v. C. I. R., 45 B.T.A. 1104.

us was an appeal from the Tax Court. As the Tax Court had said in the O'Bryan case, 1 T.C. 1137, 1146:

"Petitioner suggests that the section should not be applied when a taxpayer has made 'full disclosure' in his returns. The question need not be decided in this case; for in our judgment no full disclosure was made."

The problem before us now is: Shall a taxpayer who makes full disclosure on the face of his return but is passed by the Collector of Internal Revenue until the three year statute of limitations has run, suffer a deficiency at the hands of the Commissioner because it has been overlooked?

In this case it will be remembered that the taxpayer each year in question reported no tax and wrote under the heading employer's name: "American Red Cross—Overseas, Sept. 1942 to Dec. 1944, income received $3,300; exempt under Section 116 I.R.C., therefore no taxable income."

From the day these returns were filed it was plainly revealed that this taxpayer had earned $3300 and said amount was claimed to be exempt under the provision of Section 116, I.R.C.

We are of the view that if there are any omissions they were not on the part of the taxpayer but of those who handled the returns after they were filed. It must be noted that the returns in this case were filed on April 28, 1947, and the liability of the taxpayer was definitely established in Downs v. Commissioner, supra, on January 27, 1948, and certiorari denied on June 1, 1948, 334 U.S. 832, 68 S.Ct. 1346, 92 L.Ed. 1759.

■ How such a plain statement can be construed as an omission is difficult for us to understand under the circumstances. We feel that under the many and varied applications of Section 275 (c) Internal Revenue Code, there were no omissions in the case at bar, and find no occasion to further torture the meaning of the word "omit".

We are in full accord with the rulings in Uptegrove Lumber. Co. v. Commissioner, 3 Cir., 204 F.2d 570, and Deakman-Wells Co. v. C. I. R., 3 Cir., 1954, 213 F.2d 894.

The decision of the Tax Court is reversed.