JOHN E. GOODENOW, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 48450. Filed October 6, 1955.

*J. E. Goodenow, Esq.*, for the petitioner.
*George E. Van Roekel, Esq.*, for the respondent.

### OPINION.

RICE, *Judge:* This proceeding involves a deficiency in income tax in the amount of $625.50 for the year 1947 determined by the respondent under the provisions of the Internal Revenue Code of 1939. The deficiency notice, which is the basis of this proceeding, was mailed to petitioner more than 3 but less than 5 years after his 1947 income tax return was filed.

The issues to be decided are: (1) Whether the respondent erred in allowing the cost of certain livestock sold during the year to be deducted only once by petitioner in computing his income, rather than twice; and (2) if not, whether the petitioner understated his gross income by more than 25 per cent so as to make applicable the 5-year statute of limitation provided in section 275 (c) of the 1939 Code.[1]

---

[1] SEC. 275. PERIOD OF LIMITATION UPON ASSESSMENT AND COLLECTION.
Except as provided in section 276—

\* \* \* \* \* \*

(c) Omission from Gross Income.—If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 5 years after the return was filed.

1

All of the facts were stipulated, are so found, and are incorporated herein by this reference.

During the year in issue, petitioner was a resident of Maquoketa, Iowa. He kept his books and filed his returns on the accrual basis with the collector of internal revenue for the district of Iowa.

Petitioner was engaged in the business of raising and selling livestock. He kept an inventory of livestock which included both animals held for sale as well as those held for breeding purposes.

On his return for 1947, petitioner reported the long-term capital gain from the sale of certain livestock used for breeding purposes, as follows:

| | |
|---|---|
| Gross sales price | $5,792.55 |
| Cost or other basis | [1] 2,981.31 |
| Gain | $2,811.24 |
| One-half of gain to be taken into account | 1,405.62 |

[1] Inventory value.

In computing his gross farm profit for 1947, petitioner made no adjustment in the opening 1947 inventory figure to reflect this deduction of cost basis in computing capital gain, thereby, in effect, taking a duplicated deduction in computing his gross farm profit for 1947. The respondent determined that petitioner's gross farm profit should be increased in the amount of $2,981.31 by adjustment to petitioner's opening inventory and reduction thereof by that amount.

The respondent also determined that gain from the sale of certain other livestock should have been reported by petitioner as capital gain rather than ordinary income. Petitioner does not contest this adjustment but contends that the bases of these assets, in the amount of $665, should not only be deducted in the computation of gain on the sale of this livestock but should also be included in his opening inventory for 1947.

On his return for 1947, petitioner reported gross income as follows:

| | |
|---|---|
| Dividends | $15.70 |
| Gross profits from farming operations | 7,730.66 |
| Long-term capital gains (50 per cent) | 2,904.20 |
| | $10,650.56 |

Petitioner's gross income as determined by respondent is as follows:

| | |
|---|---|
| Dividends | $15.70 |
| Gross profits from farming operations | 10,416.80 |
| Long-term capital gains (50 per cent thereof) | 3,051.79 |
| Revised gross income | $13,484.29 |

We are satisfied that the respondent was unquestionably correct in allowing petitioner to deduct the cost of the breeding cattle sold by

him during the year only once in computing his income, rather than twice. In fact, we do not understand how the petitioner can seriously dispute that determination. His position is the wholly untenable one that a taxpayer should be entitled to a double deduction for cost of goods sold in computing the gross profit from his business operations.

The timeliness of the notice of deficiency for 1947, which was sent more than 3 years and less than 5 years after the date petitioner filed his income tax return for 1947, depends on whether or not the period for assessment was extended from the ordinary 3-year period of limitations provided in section 275 (a) of the 1939 Code to 5 years under section 275 (c). Obviously, the increase of petitioner's gross income for 1947 in the amount of $2,833.73, resulting from respondent's adjustments, is an amount in excess of 25 per cent of $10,650.56, the amount of gross income reported by petitioner on his 1947 return. We must, therefore, consider whether such amount was properly includible in gross income and omitted therefrom within the meaning of section 275 (c).

In essence, the question is whether an overstatement of petitioner's opening inventory resulting in an understatement of gross profits from petitioner's farm business constitutes an "omission" from gross income of an amount "properly includible therein" within the meaning of section 275 (c). Petitioner contends that the overstatement of a cost figure (for example, an item of "cost of goods sold" or basis) entering into the computation of gross income is not such an omission of an amount properly includible in gross income as was contemplated by Congress in extending the normal 3-year period of limitations on assessment to 5 years. Petitioner relies mainly on the decision of the Court of Appeals for the Third Circuit in *Uptegrove Lumber Co.* v. *Commissioner*, 204 F. 2d 570 (C. A. 3, 1953), reversing a Memorandum Opinion of this Court. Respondent, on the other hand, bases his position on the rule consistently followed by this Court that an omission from gross income within the meaning of section 275 (c) could result from an overstatement of deductions as well as from a failure to report amounts of income actually received. *Estate of J. W. Gibbs, Sr.*, 21 T. C. 443 (1954) ; *Ray Edenfield*, 19 T. C. 13 (1952) ; *American Foundation Co.*, 2 T. C. 502 (1943) ; *American Liberty Oil Co.*, 1 T. C. 386 (1942). We noted in *Estate of J. W. Gibbs, Sr.*, *supra*, p. 447, that we were aware of the opinion of the Court of Appeals for the Third Circuit in *Uptegrove Lumber Co.* v. *Commissioner*, *supra*, which is contrary to the rule followed by us. We said, however, that we would adhere to the rule which we had consistently followed. The petitioner has presented no argument which now persuades us to adopt the view of the Court of Appeals in the *Uptegrove Lumber Co.* case with respect to this issue. We, therefore, hold that the understate-

4

ment of income here in issue was an omission from gross income within the meaning of section 275 (c).

A second argument which the petitioner advanced with respect to the statute of limitation was that gross income within the meaning of section 275 (c) should include 100 per cent of long-term capital gains and not just 50 per cent thereof as contended by the respondent. Petitioner points out that if 100 per cent of long-term capital gains reported on his return were included in his total gross income, the amount of understatement determined by the respondent would be less than 25 per cent of reported gross income. In so arguing, the petitioner recognizes that this Court has held that only 50 per cent of long-term capital gains was includible in gross income for purposes of section 275 (c). *Emma B. Maloy*, 45 B. T. A. 1104 (1941). He argues, however, that our decision in the *Maloy* case is wrong and should now be overruled. We cannot agree. Petitioner offered no argument which persuades us that we should abandon our holding in that case. We, therefore, hold that "gross income," within the meaning of section 275 (c), includes only 50 per cent of long-term capital gains.

Petitioner reported gross income of $10,650.56. The respondent correctly determined that petitioner understated his gross income by $2,833.73, which amount is more than 25 per cent of the amount of gross income reported. Therefore, the notice of deficiency was timely under section 275 (c).

Reviewed by the Court.

*Decision will be entered for the respondent.*

---

FISHER, *J.*, dissenting: I disagree with the majority view with respect to the question of limitations on the basis of the reasoning in *Uptegrove Lumber Co.* v. *Commissioner*, (C. A. 3, 1953) 204 F. 2d 570. See also *Deakman-Wells Co.* v. *Commissioner*, (C. A. 3, 1954) 213 F. 2d 894 and *Slaff* v. *Commissioner*, (C. A. 9, 1955) 220 F. 2d 65, both of which expressly approve the principles announced in *Uptegrove, supra*.

JOHNSON, RAUM, and WITHEY, *JJ.*, agree with this dissent.