Charlie L. Page v. Commissioner.
Page v. Commissioner
Docket No. 53240.
United States Tax Court
T.C. Memo 1956-61; 1956 Tax Ct. Memo LEXIS 233; 15 T.C.M. (CCH) 287; T.C.M. (RIA) 56061; March 15, 1956
Charles P. Duffy, Esq., for the petitioner. J. D. Picco, Esq., for the respondent. MURDOCK Memorandum *234 Findings of Fact and Opinion The Commissioner determined a deficiency in income tax of the petitioner for 1948 in the amount of $5,436.58. One question for decision is whether the five-year period of limitation provided by section 275 applies. Findings of Fact Charlie and his then wife, Laurita, filed joint income tax returns for the years 1947 and 1948 with the collector of internal revenue for the district of Oregon. Charlie was engaged during those years in a farming operation consisting of the raising of cattle. Inventories were used in computing the gain reported for each year from farming. Laurita prepared the return for 1947 on which $6,850 was shown both as the opening inventory and the closing inventory. She left Charlie in June 1948, never returned, and was divorced in February 1949. The record does not show how the inventory figure of $6,850 was computed, whether or not any request was made to change from the inventory method used for 1947 to a different inventory method for 1948, whether, if such a request was made, the Commissioner granted or denied the request, or, if he granted it, the condition upon which he granted it, or whether or not the inventory method *235 used on the return for 1948 was the same method as, or a different method from, the one used for 1947. Charlie prepared the return for 1948 on which the opening inventory was shown as follows: Inventory Value
2 Horses
$ 175.00
4 Bulls
1,350.00
7 Grade Heifers
700.00
Dairy Cows
125.00
88 Cows
17,600.00
21 Heifers
3,150.00
3 Ton Grain
180.00
70 Hay
1,400.00
17 Bulls
3,397.80
Total
$28,077.80 That inventory correctly listed all inventorial items and gave a proper value for each according to the "farm-price method." Charlie did not know what was shown as the closing inventory on the 1947 return when he filed the 1948 return. The return of the petitioner for 1948 was filed on January 17, 1949. The notice of deficiency for 1948 was sent to the petitioner by registered mail on March 4, 1954. $11,606.10 was shown on the 1948 return as gross profit from farming, and in addition, there was shown on the return longterm capital gains of $2,293.29, of which one-half, or $1,146.65, was reported as income. The Commissioner, in determining the deficiency, made two adjustments to income as reported. One, not contested, was the disallowance of $448.76 of *236 a deduction claimed for taxes. The other was an inventory adjustment in the amount of $21,227.80 which he explained as follows: "It has been determined that your closing inventory at December 31, 1947, as used on your 1947 income return was $6,850.00 and this amount should have been used in your 1948 return as your opening inventory at January 1, 1948, in accordance with Section 22(d) of the Internal Revenue Code. However, since your return for 1948 used a figure of $28,077.80 as of January 1, 1948, your gross income for 1948 has been understated in the amount of the difference or $21,227.80. Your gross income has been adjusted accordingly." Opinion MURDOCK, Judge: The Commissioner recognizes, in accordance with the facts and the law, that the three-year period of limitation for assessment and collection of this deficiency provided by section 275(a) expired before the notice of deficiency was mailed. He relies upon the five-year limitation period provided by section 275(c), and he states correctly and repeatedly that he has the burden of proof to show that the taxpayer omitted from gross income on the 1948 return an amount properly includible therein which *237 is in excess of 25 per centum of the amount of gross income stated in that return. C. A. Reis, 1 T.C. 9. Cf. Carmichael Tile Co. v. Commissioner, 192 Fed. (2d) 209, where the burden of proof was not on the Commissioner. His only argument in this connection is that he has sustained his burden by proving that the opening inventory for 1948 was overstated by $21,227.80 and, as a result, that amount was omitted from gross income. The returns for 1947 and 1948 were introduced in evidence. The closing inventory shown for 1947 is $6,850 and the opening inventory shown for 1948 is $28,077.80, a difference of $21,227.80. The two inventory figures should be the same unless different methods were used to compute them. The Commissioner has not shown whether or not different methods were used to compute them, what method was used for 1947, or whether a right to change methods was sought or obtained, if such evidence is important to his case. Nor has he shown that the amount of the closing inventory for 1947 was correctly computed by whatever method was used. Charlie does not know how the 1947 figure was obtained. However, he does not claim that permission to change *238 methods was requested or granted. The Commissioner does not deny that Charlie is entitled to compute his 1948 inventory figures by the "farm-price method." The evidence clearly establishes the fact that Charlie used that method in filing his 1948 return and that his $28,077.80 opening inventory for 1948 was properly computed upon that method. Thus, the closing inventory for 1947 in the amount of $6,850 could hardly have been properly computed on that method. The evidence here does not show why the two figures differ or that there was error in the 1948 opening figure. The clear implication is that the error is in the 1947 figure rather than in the 1948 figure. A taxpayer should use the same figure for his closing inventory for one year and his opening inventory for the next where he continues to use the same method. However, if the closing figure was in error, it should be corrected rather than to require the taxpayer to open with an incorrect figure. The record does not show whether or not the Commissioner has allowed the statute of limitations to run as to 1947. See also section 3801. The Commissioner allowed the three-year period to run as to 1948 before attempting to assert his *239 rights although it has been apparent since January 17, 1949 that the two figures differ. The Commissioner has failed to sustain his burden to show that the five-year rather than the three-year period applies to 1948. The question of whether an overstated opening inventory results in omission of gross income need not be decided. See, however, Uptegrove Lumber Co. v. Commissioner, 204 Fed. (2d) 570, reversing a Tax Court opinion; Deakman-Wells Co., 20 T.C. 610, rev'd 213 Fed. (2d) 894; Estate of J. W. Gibbs, Sr., 21 T.C. 443; Dean Babbitt, 23 T.C. 850; H. Leslie Leas, 23 T.C. 1058; John E. Goodenow, 25 T.C. 1; Section 6501(e)(1)(A)(i) 1954 I.R.C. Cf. Slaff v. Commissioner, 220 Fed. (2d) 65. Decision will be entered for the petitioner.