John E. **GOODENOW**, Petitioner,

v.

**COMMISSIONER OF INTERNAL REVENUE**, Respondent.

No. 15514.

United States Court of Appeals Eighth Circuit.

Nov. 8, 1956.

J. E. Goodenow, Maquoketa, Iowa, for petitioner.

Marvin W. Weinstein, Attorney, Department of Justice, Washington, D. C. (John N. Stull, Acting Asst. Atty. Gen., and Robert N. Anderson and L. W. Post, Attorneys, Department of Justice, Washington, D. C., on the brief), for respondent.

Before SANBORN, JOHNSEN and WHITTAKER, Circuit Judges.

SANBORN, Circuit Judge.

This is a petition to review a decision of the Tax Court redetermining a deficiency of $625.50 in the income tax of the petitioner, an Iowa farmer, for the year 1947. 25 T.C. 1. The facts are not in dispute.

The petitioner kept his books and filed his returns on an accrual basis. His livestock inventory at the beginning of 1947 included cattle held for sale and those used for breeding purposes. In 1947 the petitioner sold some breeding stock, and in his income tax return for that year . reported a long-term capital gain from the sale as follows:

Gross sales price............... $5,792.55
Cost ......................... 2,981.31

Gain ......................... $2,811.24
One-half of gain............... $1,405.62

In computing his gross farm profit for 1947, the petitioner made no deduction in the 1947 opening inventory figure of the cost of the cattle sold. The result was that, in arriving at his gross taxable income for 1947, he had, in effect, taken two deductions for the cost basis of the cattle sold—once in determining capital gain and again in computing gross farm profit. The petitioner's gross income as computed by him in his return filed March 9, 1948, was $10,650.56. The Commissioner of Internal Revenue in 1953 computed the gross income of the petitioner for 1947 at $13,484.29, and on February 26, 1953, notified the petitioner of the determination of the deficiency of $625.-50. The petitioner applied to the Tax Court for a redetermination of the alleged deficiency.

Two issues were presented to the Tax Court for decision: (1) whether the Commissioner erred in permitting the cost of the livestock sold during the year in suit to be deducted only once; and (2) if not, whether the alleged understatement by more than 25% of the petitioner's gross income for 1947 made applicable the five-year statute of limitations, Section 275(c) of the Internal Revenue Code of 1939, 26 U.S.C. 1952 ed., instead of Section 275(a) prescribing a three-year period of limitation.[1]

The Tax Court decided both issues in favor of the Commissioner. It is, of course, obvious that if the assessment of the deficiency was barred by limitations, as the petitioner contends, the question

whether or not the deficiency was correctly computed is moot.

A majority of the Tax Court were of the view that, since the increase of the petitioner's gross income resulting from the Commissioner's adjustments was an amount exceeding 25% of $10,650.56, the gross income as reported by the petitioner in his 1947 return, the applicable statute of limitations was Section 275(c) and the deficiency assessment was timely.

The view of the majority is expressed in the Tax Court's opinion as follows, at page 3 of 25 T.C.:

"In essence, the question is whether an overstatement of petitioner's opening inventory resulting in an understatement of gross profits from petitioner's farm business constitutes an 'omission' from gross income of an amount 'properly includible therein' within the meaning of section 275(c). Petitioner contends that the overstatement of a cost figure (for example, an item of 'cost of goods sold' or basis) entering into the computation of gross income is not such an omission of an amount properly includible in gross income as was contemplated by Congress in extending the normal three-year period of limitations on assessment to five years. Petitioner relies mainly on the decision of the Court of Appeals for the Third Circuit in Uptegrove Lumber Co. v. Commissioner, 3 Cir., 1953, 204 F.2d 570, reversing a Memorandum Opinion of this Court. Respondent, on the other hand, bases his position on the rule consistently followed by this Court that an omission from gross income within the meaning of section 275(c)

---

1. "§ 275. *Period of limitation upon assessment and collection*
    "Except as provided in section 276—
    "(a) *General rule.* The amount of income taxes imposed by this chapter shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period.
    \* \* \* \* \* \*

"(c) *Omission from gross income.* If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 5 years after the return was filed."

could result from an overstatement of deductions as well as from a failure to report amounts of income actually received. Estate of J. W. Gibbs, Sr., 1954, 21 T.C. 443; Ray Edenfield, 1952, 19 T.C. 13; American Foundation Co., 1943, 2 T.C. 502; American Liberty Oil Co., 1942, 1 T.C. 386. We noted in Estate of J. W. Gibbs, Sr., supra, 21 T.C. at page 447, that we were aware of the opinion of the Court of Appeals for the Third Circuit in Uptegrove Lumber Co. v. Commissioner, supra, which is contrary to the rule followed by us. We said, however, that we would adhere to the rule which we had consistently followed. The petitioner has presented no argument which now persuades us to adopt the view of the Court of Appeals in the Uptegrove Lumber Co. case with respect to this issue. We, therefore, hold that the understatement of income here in issue was an omission from gross income within the meaning of section 275(c)."

Four judges of the Tax Court dissented on the issue of limitations, stating that they disagreed with the majority view on the basis of the reasoning in Uptegrove Lumber Co. v. Commissioner, 3 Cir., 204 F.2d 570, followed in Deakman-Wells Co., Inc., v. Commissioner, 3 Cir., 213 F.2d 894, and Slaff v. Commissioner, 9 Cir., 220 F.2d 65.

The Commissioner argues that the cases cited in the minority opinion can be distinguished from the instant case; that in those cases the three-year statute was held to apply because the returns disclosed information sufficient to apprise the Commissioner of the taxpayer's gross income, whereas in the instant case the Commissioner was not advised by the taxpayer's return that the cattle sold in 1947 were the same cattle included in the inventory computations.

The Court of Appeals for the Third Circuit in Uptegrove Lumber Co. v. Commissioner, supra, ruled, in effect, that the three-year statute of limitations, Section 275(a), was applicable to an understatement of taxable income resulting from an error in computation, and that the five-year statute was applicable only to an understatement which resulted from a taxpayer's completely leaving out of his computation some specific item of gain. Pages 571–572 of 204 F.2d.

In the recent case of Davis v. Hightower, 5 Cir., 230 F.2d 549, the Court followed the Third Circuit. We quote the following from page 553:

" * * * It cannot be thought that if a taxpayer accurately fills in every blank space provided for his use in the income tax form, giving every 'gross' or maximum figure called for, and arrives at an incorrect computation of the tax only by reason of a difference between him and the Commissioner as to the legal construction to be applied to a disclosed transaction, the use of a smaller figure than that ultimately found to be correct in one stage of the computation amounts to an omission from 'gross income' of the difference between the correct and incorrect item."

In the instant case there was no such omission from income as would make the five-year statute of limitations applicable, under the ruling in the Uptegrove Lumber Co. case.

This Court has repeatedly ruled, particularly in tax cases, where uniformity of decision among the Circuits is vitally important, that the decision of a Court of Appeals of another Circuit should be followed unless demonstrably erroneous or unsound. See Birmingham v. Geer, 8 Cir., 185 F.2d 82, 85 and cases cited, certiorari denied 340 U.S. 951, 71 S.Ct. 571, 95 L.Ed. 686; Commissioner of Internal Revenue v. Moran, 8 Cir., 236 F.2d 595, 596.

The decision of the Court of Appeals for the Third Circuit in the Uptegrove Lumber Co. case we regard as sound and logical. There is, we think, no reason why it should be rejected by this Court.

The decision of the Tax Court is reversed upon the ground that the assessment of the deficiency was barred by limitations.