**The COLONY, Inc., Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 13008.**

United States Court of Appeals
Sixth Circuit.
April 22, 1957.

Richard C. Oldham and Baldwin C. Burnam, Louisville, Ky., for petitioner.

Charles K. Rice, John Potts Barnes, Lee A. Jackson, Robert N. Anderson, Grant M. Wiprud, John M. Morawski, and Marvin W. Weinstein, Washington, D. C., for respondent.

Before McALLISTER, MILLER and STEWART, Circuit Judges.

PER CURIAM.

The sole question on this review is whether the five-year statute of limitations contained in section 275(c) of the Internal Revenue Code of 1939, 26 U.S. C.A. § 275(c) was applicable in this case, as the Tax Court held.[1]

The petitioner is a corporation dealing in real estate. Its income tax returns for the years in question contained understatements of gross income of more than twenty-five per cent resulting from an erroneous overstatement of the basis of land sold, rather than from any omission of gross receipts. Under these circumstances it is the petitioner's contention that the general three-year limitation period of section 275(a) of the 1939 Code is applicable. As petitioner's counsel correctly points out, the decisions of the Courts of Appeals of several other circuits give clear support to this view. Uptegrove Lumber Co. v. Commissioner, 3 Cir., 1953, 204 F.2d 570; Deakman-Wells Co. v. Commissioner, 3 Cir., 1954, 213 F.2d 894; Goodenow v. Commissioner, 8 Cir., 1956, 238 F.2d 20; cf. Slaff v. Commissioner, 9 Cir., 1955, 220 F.2d 65; Davis v. Hightower, 5 Cir., 1956, 230 F. 2d 549.

The reasoning of these cases is not without considerable persuasive force, and if the question were here for the first time, we might be disposed to follow them. However, the question has already been decided by this court in Reis v. Commissioner, 6 Cir., 1944, 142 F.2d 900, where it was held that the five-year limitation was applicable when the taxpayer's understatement of gross income of more than twenty-five per cent was the result of his overstatement of the cost basis of property sold. The facts in the Reis case are, of course, not identical with the facts in the present case, but the issue presented is the same.

Upon the authority of Reis v. Commissioner the decision of the Tax Court is affirmed.

---

1. "(c) Omission from gross income. If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 5 years after the return was filed."