**Arthur L. LAWRENCE and Alma P. Lawrence, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 15532.

United States Court of Appeals
Ninth Circuit.

June 25, 1958.

Little, LeSourd, Palmer, Scott & Slemmons, Brockman Adams, Max D. Crittenden, Seattle, Wash., for petitioners.

Charles K. Rice, Asst. Atty. Gen., Grant W. Wiprud, Lee A. Jackson, David O. Walter, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before POPE and CHAMBERS, Circuit Judges, and SOLOMON, District Judge.

PER CURIAM.

When a taxpayer has made a full disclosure of his "position" with respect to his gross income on his income tax return (a disclosure that would arrest the attention of the Internal Revenue Service upon its examination of the return), but has not "included" the amount involved as taxable, is the Collector of Internal Revenue subject to the ordinary three year limitation of § 275(a)[1] or to the special five year statute, § 275(c), of the Internal Revenue Code of 1939?[2]

No fraud was suggested.[3]

The Tax Court, rejecting Slaff v. Commissioner, 9 Cir., 220 F.2d 65, held the

---

1. 53 Stat. 86.

2. That is, was there an omission.

3. 53 Stat. 87.

five year statute applicable and that the collector's notice of deficiency mailed four years, eleven months and ten days after the filing of the return in 1949 was timely.

After this case was argued, the Supreme Court granted certiorari in a parallel case, Colony, Inc., v. Commissioner of Internal Revenue, 355 U.S. 811, 78 S.Ct. 51, 2 L.Ed.2d 29. See same case, in the Sixth Circuit, 244 F.2d 75.

The Supreme Court has now reversed Colony, 78 S.Ct. 1033, decided June 9, 1958. On the authority of Colony, the decision of the Tax Court is reversed.