**RUSSELL F. DAVIS, INC.**

v.

**UNITED STATES of America.**

Civ. No. 70.

United States District Court
N. D. Indiana,
Hammond Division.

Feb. 16, 1959.

**186**

Harry P. Schultz, Lafayette, Ind., for plaintiff.

Martin H. Kinney, Jr., Ass't. U. S. Atty., Hammond, Ind., for defendant.

SWYGERT, Chief Judge.

The material facts in this case have been stipulated. The government states in its brief that the initial question for decision is: "Did the tax return apprise the Commissioner that the plaintiff's return should have been filed on the accrual basis so that income for tax purposes should be reported on the accrual basis?" The plaintiff concedes that this is substantially the question to be decided, but in its brief the plaintiff rephrases the question in the following manner: "Has the plaintiff's return provided the Commissioner a clue to the existence of the omitted item sufficient to allow the Commissioner to detect the error at no special·disadvantage?"

I have concluded that the answer to these questions must be "yes" after a consideration of the facts and in the light of the holdings in Colony, Inc. v. Commissioner, 357 U.S. 28, 78 S.Ct. 1033, 2 L.Ed.2d 1119; Deakman-Wells v. Commissioner, 3 Cir., 213 F.2d 894; and Uptegrove Lumber Co. v. Commissioner, 3 Cir., 204 F.2d 570.

In the Uptegrove case the court said:

"[W]e think the history of Section 275(c) [26 U.S.C.A.] persuasively indicates that Congress was addressing itself particularly to the situation where a taxpayer shall *fail to include some receipt or accrual* in his *computation* of gross income and not in a more general way *to errors* of whatever kind in that computation." (Emphasis supplied)

In the Colony case the Supreme Court said:

"We think that in enacting § 275 (c) Congress manifested no broader purpose than to give the Commissioner an additional two years to investigate tax returns in cases where, because of a taxpayer's omission to report some taxable item, the Commissioner is at a special disadvantage in detecting errors. In such instances the return on its face provides no clue to the existence of the omitted item. On the other hand, when, as here, the understatement of a tax arises from an error in reporting an item disclosed on the face of the return, the Commissioner is at no such disadvantage. And this would seem to be so whether the error be one affecting 'gross income' or one, such as overstated deductions, affecting other parts of the return." [357 U.S. 28, 78 S.Ct. 1038.]

I think that Schedules L and M of plaintiff's return provided a sufficient clue for the Commissioner to have realized that the taxpayer was operating on an accrual basis and that the return should have been filed on that basis. These schedules also showed that the taxpayer had filed on a cash basis. This latter fact was shown by the answer to question ten on the return. The plaintiff answered affirmatively the question, "Is the return made on the basis of cash receipts and disbursements?"

No item of gross income was omitted from the return. The error made by the taxpayer was not even in the computation of the gross income. It related rather to the basis of the computation, that is, whether it should be on an accrual or cash basis. This error, in my opinion, was apparent upon a careful examination of the return. For these reasons I think that § 275(c) is not applicable, and that plaintiff's claim should be allowed.

Judgment

It is Ordered, adjudged and decreed that the plaintiff recover from the defendant in the sum of $37,869.26, together with interest thereon at the rate of six percent per annum from January 18, 1956, and costs of this action.