T.C. Memo. 1997-485

UNITED STATES TAX COURT

GALEDRIGE CONSTRUCTION, INC., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21463-94.                    Filed October 28, 1997.

John P. McDonnell, for petitioner.

Ronald G. Dong, for respondent.

MEMORANDUM OPINION

PARR, Judge:  This case is before the Court on petitioner's
motion for reasonable litigation costs pursuant to section 7430[1]

---

[1]     References to sec. 7430 in this opinion are to that
section as amended by sec. 1551 of the Tax Reform Act of 1986,
Pub. L. 99-514, 100 Stat. 2752 (effective for proceedings
commenced after Dec. 31, 1985), and by sec. 6239(a) of the
Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647,
102 Stat. 3342, 3743-3747 (effective with respect to proceedings
commenced after Nov. 10, 1988).  Sec. 7430 was amended most
                                        (continued...)

and Rule 231, filed June 24, 1997, and petitioner's amended motion, filed September 2, 1997.[2]  Petitioner's motion is for only the reasonable litigation costs it expended on the issue of whether it was liable for the addition to tax pursuant to section 6661 (the section 6661 issue) in Galedrige Construction, Inc. v. Commissioner, T.C. Memo. 1997-240 (Galedrige I).

The issues for decision are:  (1) Whether respondent's determination of the section 6661 addition to tax for substantial understatement of tax was substantially justified within the meaning of section 7430(c)(4) and the regulations thereunder.  We hold it was not.  (2) Whether the amount of litigation costs claimed by petitioner is reasonable within the meaning of section 7430(c)(1).  We hold it is.

---

[1](...continued)
recently by the Taxpayer Bill of Rights 2, Pub. L. 104-168, sec. 701, 110 Stat. 1452, 1463-1464 (1996), effective with respect to proceedings commenced after July 30, 1996.  The amendments to the section shift to the Commissioner the burden of proving that the position of the United States was substantially justified, sec. 7430(c)(4)(B), and changed the hourly rate for attorney's fees to $110, sec. 7430(c)(1)(B)(iii).
A judicial proceeding is commenced in this Court with the filing of a petition.  Rule 20(a); Maggie Management Co. v. Commissioner, 108 T.C. 430 (1997).  Petitioners filed their petition on Nov. 21, 1994; thus the 1996 amendments do not apply here.

[2]  All section references are to the Internal Revenue Code in effect for the years in issue, and   all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.  All dollar amounts are rounded to the nearest dollar, unless otherwise indicated.

The relevant facts are taken from our opinion in Galedrige I, the parties' submissions, and the existing record. At the time the petition in this case was filed, petitioner's principal place of business was in Alviso, California. For convenience, we present a general background section and combine our findings of fact with our opinion under each separate issue heading.

Background

Petitioner is a corporation engaged in the business of asphalt paving and related services. In performing its contracts, petitioner took delivery of the materials directly from the asphalt supplier. Petitioner's driver picked up the asphalt and took it directly to the job site. The asphalt had to be laid within 2 to 5 hours from the time it was picked up from the plant, or it would become rock hard and have to be thrown away. Petitioner had no way to extend the time that asphalt is in an emulsified condition. Once the asphalt hardened, it could not be melted and reused, nor could it be returned for credit to the asphalt supplier.

Petitioner generally worked on only one job at a time, lasting a week or less. When the job was finished, petitioner billed the customer and created an accounts receivable on its books. The asphalt company sent petitioner an invoice, usually due within 30 days, which petitioner paid only after it received payment from its customer. Petitioner keeps its books and

records on the cash method, and it files its Federal income tax return using a fiscal year ending June 30.

In Galedrige I, respondent determined that during the years in issue petitioner's asphalt was merchandise that was an income-producing factor, that petitioner therefore had inventories, and thus, that it must use the accrual method of accounting in order to clearly reflect taxable income. Accordingly, respondent determined deficiencies in petitioner's Federal income tax for taxable years ended June 30, 1989 and 1990, of $111,613 and $775, respectively. Respondent also determined a $27,903 section 6661 addition to petitioner's tax for taxable year 1989.[3]

In Galedrige I, we found that emulsified asphalt, which becomes useless in less than 5 hours, is not merchandise held for sale by petitioner. Furthermore, as petitioner had no inventories, we held that it was not required to use an inventory method of accounting, that its method of accounting clearly reflected income, and that under these facts it was an abuse of discretion for respondent to require petitioner to change its method of accounting. Due to our holding, we did not need to address the issue of whether petitioner was liable for an

---

[3] Sec. 6661 was repealed applicable for returns the due date for which (determined without regard to extensions) is after Dec. 31, 1989. Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, sec. 7721(c)(2), 103 Stat. 2399. Petitioner's 1989 fiscal year ended June 30, 1989; thus, its return was due (without regard to extensions) on Sept. 15, 1989. See sec. 6072(b). Therefore, sec. 6661 is applicable.

addition to tax pursuant to section 6661 for substantial understatement of tax.

Discussion

A taxpayer who substantially prevails in an administrative or court proceeding may be awarded a judgment for reasonable costs incurred in such proceedings. Sec. 7430(a)(1) and (2). A taxpayer has the burden of proving that it meets each requirement before we may order an award of costs under section 7430. Rule 232(e); Gantner v. Commissioner, 92 T.C. 192, 197 (1989), affd. 905 F.2d 241 (8th Cir. 1990).

For this Court to award reasonable litigation costs under section 7430, several requirements must be met. The record must show that: (1) The moving party did not unreasonably protract the administrative proceeding or the proceeding in this Court. Sec. 7430(b)(4). (2) The moving party exhausted any administrative remedies available to him or her in the Internal Revenue Service. Sec. 7430(b)(1). Respondent concedes that petitioner satisfies these first two requirements. (3) The moving party was the prevailing party. Sec. 7430(a). As discussed below, we find that petitioner has met this requirement.

Whether Petitioner Is the Prevailing Party

A taxpayer must satisfy several conjunctive requirements to be deemed a prevailing party. Sec. 7430(c). The taxpayer must establish: (1) The position of the United States in the civil

proceeding was not substantially justified. Sec. 7430(c)(4)(A)(i). (2) The taxpayer substantially prevailed with respect to the amount in controversy or with respect to the most significant issue or set of issues presented. Sec. 7430(c)(4)(A)(ii). (3) The taxpayer is either an individual whose net worth does not exceed $2 million, or an owner of an unincorporated business, or any partnership, corporation, etc., the net worth of which does not exceed $7 million at the time the petition is filed. Sec. 7430(c)(4)(A)(iii); 28 U.S.C. sec. 2412(d)(2)(B) (1988).

Respondent concedes that petitioner substantially prevailed in Galedrige I. In addition, we are satisfied, based upon petitioner's submissions to this Court, that petitioner's net worth was less than $7 million when its petition was filed. Rule 231(b)(5). Thus, the only issue remaining for decision is whether the position of the United States in the Court proceeding was not substantially justified.

Position of the United States Not Substantially Justified

A position is not substantially justified in law if legal precedent does not substantially support the Commissioner's position given the facts available to the Commissioner. Coastal Petroleum Refiners, Inc. v. Commissioner, 94 T.C. 685, 688 (1990). In deciding this issue, we must identify the point at which the United States is first considered to have taken a

position, and then decide whether the position taken from that point forward was not substantially justified.

The position taken by the United States, for purposes of litigation costs, refers to the position of the United States in a judicial proceeding. Sec. 7430(c)(7)(A). Respondent's position in the judicial proceeding herein was taken on December 27, 1994, the date respondent's answer was filed. Huffman v. Commissioner, 978 F.2d 1139, 1148 (9th Cir. 1992), affg. in part and revg. in part T.C. Memo. 1991-144. More specifically, respondent's position in Galedrige I was that petitioner's use of the cash method of accounting did not clearly reflect its income (the method of accounting issue), and that it was therefore subject to the addition to tax pursuant to section 6661(a) for the substantial understatement of tax (the section 6661 issue).

Whether respondent's position was not substantially justified turns on a finding of reasonableness, based upon all the facts and circumstances, as well as legal precedents relating to the case. Pierce v. Underwood, 487 U.S. 552 (1988); Coastal Petroleum Refiners, Inc. v. Commissioner, supra at 694-695; Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988); DeVenney v. Commissioner, 85 T.C. 927, 930 (1985). A position is substantially justified if the position is "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, supra at 565; Powers v. Commissioner, 100 T.C. 457, 470-471 (1993). A position that merely has enough merit to avoid

sanctions for frivolousness will not satisfy this standard; rather, it must have a "reasonable basis both in law and fact." Pierce v. Underwood, supra at 564-565. A position is not substantially justified in law if legal precedent does not substantially support the Commissioner's position given the facts available to the Commissioner. Coastal Petroleum Refiners, Inc. v. Commissioner, supra at 688. The Commissioner cannot escape an award for costs pursuant to section 7430 simply because a case presents a question of fact. Minahan v. Commissioner, 88 T.C. 492, 500-502 (1987).

The fact that the Commissioner eventually loses or concedes the case is not determinative as to whether the taxpayer is entitled to an award of administrative or litigation costs. Sokol v. Commissioner, 92 T.C. 760, 767 (1989); Wasie v. Commissioner, 86 T.C. 962, 968-969 (1986). It remains, however, a relevant factor to consider in determining the degree of the Commissioner's justification. Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991); Powers v. Commissioner, supra at 470, 472.

Petitioner has the burden of establishing that respondent's position was not substantially justified. Rule 232(e); Dixson Intl. Serv. Corp. v. Commissioner, 94 T.C. 708, 715 (1990). For petitioner to prevail, it must show that respondent's position, in fact as well as in law, was not justified to a degree that could satisfy a reasonable person. Determining the

reasonableness of respondent's position and conduct necessarily requires considering what respondent knew at the time. Cf. Rutana v. Commissioner, 88 T.C. 1329, 1334 (1987); DeVenney v. Commissioner, supra. Thus, in determining whether respondent acted reasonably, this Court must "consider the basis for respondent's legal position and the manner in which the position was maintained." Wasie v. Commissioner, supra at 969.

Petitioner concedes that respondent's position with respect to the method of accounting issue was not unreasonable; however, it asserts that respondent's position was not substantially justified with respect to the section 6661 issue. In some cases courts have adopted an issue-by-issue approach to section 7430, apportioning the requested awards between those issues for which the Commissioner was, and those issues for which the Commissioner was not, substantially justified. See Powers v. Commissioner, 51 F.3d 34, 35 (5th Cir. 1995); Swanson v. Commissioner, 106 T.C. 76, 102 (1996). We follow that approach here and separately discuss whether respondent's position on the section 6661 issue was substantially justified.

Issue 1. Whether Respondent's Determination of the Section 6661 Addition to Tax Was Substantially Justified

Section 6661(a) imposes an addition to tax if there is a substantial understatement of income tax. There is an understatement where the amount of tax shown on the return is less than the amount required to be shown on the return. A

substantial understatement occurs in the case of a corporation where the understatement exceeds the greater of 10 percent of the amount of the tax required to be shown on the return or $10,000.

The amount of the addition to tax under section 6661(a) is equal to 25 percent of any underpayment attributable to the understatement. Where an item is not attributable to a tax shelter,[4] the understatement may be reduced by the amount attributable to that item, and the addition to tax accordingly reduced, if the taxpayer's treatment of the item was based on substantial authority. Sec. 6661(b)(2)(B)(i).[5] Petitioner

---

[4] See sec. 6661(b)(2)(C)(i). Petitioner's asphalt paving activity does not constitute a "tax shelter" as defined for purposes of sec. 6661. See sec. 6661(b)(2)(C)(ii).

[5] Sec. 6661 provides in pertinent part as follows:

SEC. 6661(a). Addition To Tax.--If there is a substantial understatement of income tax for any taxable year, there shall be added to the tax an amount equal to 25 percent of the amount of any underpayment attributable to such understatement.

(b) Definition And Special Rule.--

(1) Substantial Understatement.--

(A) In general.--For purposes of this section, there is a substantial understatement of income tax for any taxable year if the amount of the understatement exceeds the greater of--

(i) 10 percent of the tax required to be shown on the return for the taxable year, or

(ii) $5,000.

(continued...)

asserts that at the time it filed its return for its taxable year ended June 30, 1989, its use of the cash method in its asphalt paving business was based upon substantial authority.

The standard of substantial authority requires that, when the facts and authorities are analyzed with respect to the taxpayer's case, the weight of the authorities that support the taxpayer's position should be substantial when compared with those supporting the contrary position.  Sec. 1.6661-3(b)(1),

---

[5](...continued)

        (B) Special rule for corporations.--In the case of a corporation other than an S corporation or a personal holding company (as defined in section 542), paragraph (1) shall be applied by substituting "$10,000" for "$5,000".

        (2) Understatement.--

        (A) In general.--For purposes of paragraph    (1), the term, "Understatement" means the excess    of--

            (i) the amount of the tax required to be shown on the return for the taxable year, over

            (ii) the amount of tax imposed which is shown on the return, reduced by any rebate(within the meaning of section 6211(b)(2)).

        (B) Reduction for understatement due to position of taxpayer or disclosed item.--The amount of the understatement under subparagraph (A) shall be reduced by that portion of the understatement which is attributable to--

            (i) the tax treatment of any item by the taxpayer if there is or was substantial authority for such treatment, * * *

Income Tax Regs. Section 1.6661-3(a)(2), Income Tax Regs., provides in part:

> The substantial authority standard is less stringent than a "more likely than not" standard (that is, a greater than 50-percent likelihood of being upheld in litigation) but stricter than a reasonable basis standard (the standard which, in general, will prevent imposition of the penalty under section 6653(a), relating to negligence or intentional disregard of rules and regulations). Thus, a position with respect to the tax treatment of an item that is arguable but fairly unlikely to prevail in court would satisfy a reasonable basis standard, but not the substantial authority standard.

In determining whether there is substantial authority, only certain sources will be considered authority, including court cases, temporary and final regulations construing the Code and other statutory provisions, and administrative pronouncements (including revenue rulings and procedures). Sec. 1.6661-3(b)(2), Income Tax Regs.

In support of its reporting position in Galedrige I, petitioner cites as substantial authority Rev. Rul. 86-149, 1986-2 C.B. 67, and Rev. Rul. 59-329, 1959-2 C.B. 138, certain sections of the Code and the regulations, and several court cases. The weight of the authorities cited by petitioner depends on their persuasiveness and relevance as well as their source. See sec. 1.6661-3(b)(3), Income Tax Regs.

Rev. Rul. 86-149, supra, is not substantial authority for petitioner's position. Rev. Rul. 86-149 addresses the issue of whether a taxpayer engaged in the business of developing real

estate may use an inventory method of accounting for its development costs. The revenue ruling and the cases cited therein make the situation that the ruling addresses very clear. Petitioner is not in the business of developing and selling real estate; thus, this ruling is materially distinguishable on its facts and not relevant to petitioner's situation. See sec. 1.6661-3(b)(3), Income Tax Regs.

Similarly, we accord no weight to petitioner's reliance on Rev. Rul. 59-329, supra, as substantial authority. Rev. Rul. 59-329 addresses the issue of whether a taxpayer who, under section 1.451-3, Income Tax Regs., accounts for its long-term contracts on the completed contract method, or who has accounted for both its long-term and its short-term contracts on the completed contract method for several years, may consider as inventory the costs of materials, labor, supplies, depreciation, etc., with respect to such contracts. Under the facts of Galedrige I, it is evident that petitioner has no long-term contracts; thus this ruling is not substantial authority for the position it took on reporting its income.

We noted in Galedrige I that "The statute and regulations do not define 'merchandise' or 'inventory', nor do they clearly distinguish between 'materials and supplies' that are not actually consumed and remain on hand, and inventory." Furthermore, we acknowledged that "the authorities in this area are not easily reconcilable." However, we stated that

Petitioner's position has commonsense appeal and some support in law and in industry practice. See Ansley-Sheppard-Burgess Co. v. Commissioner, supra (Commissioner agreed that taxpayer/contractor did not have inventory). Furthermore, until the early 1990's, the Commissioner generally permitted construction contractors to account for construction materials and supplies as supplies, rather than as inventory. See, e.g., id. at 375 ("The cash method of accounting has been widely used throughout the contracting industry and accepted by respondent since time immemorial."); Hunt Engg. Co. v. Commissioner, T.C. Memo. 1956-248 (construction contractor purchasing materials for various jobs as they were needed maintained no inventories; cash method clearly reflected income).

Beginning in the early 1990's, the Commissioner began to require contractors to account for the materials used in construction as merchandise inventory. [Fn. ref. omitted.]

Therefore, notwithstanding the difficulty in reconciling the authorities on this issue, there was substantial authority as defined in section 1.6661-3(a)(2), Income Tax Regs., for petitioner's position at the time it filed its return for taxable year 1989.

In his objection to petitioner's motion for reasonable litigation costs, respondent asserts that respondent's position on the section 6661 issue was substantially justified, and petitioner, to meet its burden of proof, must show that "respondent was not substantially justified in including the substantial understatement penalty in the statutory notice of deficiency, and in maintaining that position after District Counsel received the case." Thus, respondent contends that "the

fact that there was authority at the time of filing does not mean the taxpayer was correct."

As support for its argument that its position was substantially justified, respondent relies on J.P. Sheahan Associates, Inc. v. Commissioner, T.C. Memo. 1992-239, a case that was decided several years after petitioner filed its return for taxable year 1989.

Respondent's understanding of when substantial authority is determined is incorrect because petitioner is entitled to rely on the law that existed at the time its return was filed. See sec. 1.6661-3(b)(4)(iii), Income Tax Regs.

We conclude that respondent's position with regard to the section 6661 issue was not substantially justified.

Issue 2. Reasonable Costs

Petitioner seeks recovery of litigation fees and costs that it incurred after its petition was filed. Petitioner seeks recovery of only the fees and costs related to the section 6661 issue and for its motion for litigation costs. In Huffman v. Commissioner, 978 F.2d at 1149, the Court of Appeals for the Ninth Circuit, the Court of Appeals to which an appeal in this case lies, stated that "So long as the government's position justifies recovery of fees, any reasonable fees to recover such fees are recoverable." Thus, the fees incurred by petitioner for its motion for reasonable attorney's fees are recoverable. We must decide whether the number of hours

billed, the rate at which those hours were billed, and the miscellaneous costs are reasonable as claimed by petitioner.

A.  Attorney's Fees

Petitioner submitted an itemized statement from its attorney, Mr. John P. McDonnell (McDonnell), for the hours that were spent, reflecting costs incurred from September 26, 1995, through August 29, 1997.  McDonnell billed his time at an hourly rate of either $195 or $220.

Section 7430(c)(1) defines reasonable litigation costs in part as reasonable fees paid or incurred for the services of attorneys in connection with the court proceeding.  Section 7430(c)(1)(B)(iii) limits the hourly rate for attorney's fees to $75, with allowances for increase in the cost of living and other special factors.  An issue exists as to whether the cost of living adjustment (COLA), which applies to an award of attorney's fees under section 7430, should be computed from October 1, 1981, or from January 1, 1986.

Our position on this issue was stated in Bayer v. Commissioner, 98 T.C. 19, 23 (1992), where we concluded that Congress, in providing for cost of living adjustments in section 7430, intended the computation to start on the same date the COLA's were started under the Equal Access to Justice Act, 5 U.S.C. sec. 504 (1982).  Citing Lawrence v. Commissioner, 27 T.C. 713 (1957), revd. on other grounds 258 F.2d 562 (9th Cir. 1958), we stated that we would continue to use 1981 as the base year for

making the COLA calculation, unless the Court of Appeals to which an appeal would lie had held otherwise. Golsen v. Commissioner, 54 T.C. 742, 756-757 (1970), affd. 445 F.2d 985 (10th Cir. 1971).

This case is appealable to the Court of Appeals for the Ninth Circuit, which has decided that January 1, 1986, is the correct date for purposes of calculating the COLA adjustment under section 7430. Huffman v. Commissioner, supra at 1151. Accordingly, we find January 1, 1986, to be the applicable date from which to make the adjustment in this case. Id.

We use the Consumer Price Index of All Urban Consumers (CPI-U) published by the U.S. Department of Labor, Bureau of Labor Statistics, to adjust the $75 hourly limit for increases in the cost of living. We award petitioner attorney's fees at an hourly rate not to exceed $102.44 for 1994, $104.29 for 1995, $107.37 for 1996, and $109.83 for 1997.[6]

  1.  1994

Petitioner's attorney billed 2.6 hours for the time incurred in connection with preparing and drafting the Tax Court petition in the instant proceeding. We find this amount of time

---

[6]  The index for the 1982-84 CPI-U is 100; for Jan. 1, 1986 it is 109.6. The CPI-U index is 149.7 for December 1994, the average index is 152.4 for 1995, 156.9 for 1996, and for July 1997 the index is 160.5. At the time of this decision, the average index for 1997 is not available. Thus, we must use the index for July, which is a midyear index. Accordingly, the maximum hourly rate is $102.44 (149.7/109.6 x $75) for 1994, $104.29 (152.4/109.6 x $75) for 1995, $107.37 (156.9/109.6 x $75) for 1996, and $109.83 (160.5/109.6 x $75) for 1997.

is reasonable and therefore shall award fees for 25 percent of these hours allocable to the section 6661 issue. Sec. 7430(c)(1)(A).

2. <u>1995</u>

Petitioner's attorney billed 60.1 hours for 1995, 15 hours of which were related to the section 6661 issue. We find this amount of time is reasonable and therefore shall award fees for these hours.

3. <u>1996</u>

Petitioner's attorney billed 67.2 hours for 1996, 16.8 hours of which were related to the section 6661 issue. We find this amount of time is reasonable and therefore shall award fees for these hours.

4. <u>1997</u>

Petitioner's attorney billed 19.2 hours for the time incurred in researching, preparing, and filing petitioner's motion for reasonable litigation costs. We find this amount of time is reasonable and therefore shall award fees for these hours.

B. <u>Miscellaneous Litigation Costs</u>

The itemized billing shows $20 of miscellaneous costs for photocopying and the apportioned filing fee. We find this amount to be reasonable.

C. <u>Legal Research Costs</u>

Petitioner submitted an itemized statement for legal research he performed on Westlaw from April 19, 1995, through

March 3, 1996.  This Court has awarded costs for computer research.  <u>Powers v. Commissioner</u>, 100 T.C. at 493.  Accordingly, we allow $108.92 for legal research costs.

Accordingly, we award petitioner attorney's fees in the amount of $5,476.90, miscellaneous litigation costs of $20, and research costs of $108.92.

<u>An appropriate order and decision will be entered.</u>